## United States District Court
## Middle District of Florida
## Tampa Division

DONNIE NEGREANU, individually and on behalf of all those similarly situated,

       Plaintiff,

v.                                                                    No. 8:22-cv-02421-CEH-SPF

STARBUCKS CORPORATION, a Washington Corporation,

       Defendant.

---

## DEFENDANT'S MOTION TO STAY DISCOVERY PENDING RULING ON DEFENDANT'S MOTION TO DISMISS

Minh N. Vu (*Pro hac vice*)
SEYFARTH SHAW LLP
975 F St NW
Washington, DC 20004
Tel.: (202) 828-5337
mvu@seyfarth.com

Michael E. Steinberg (*Pro hac vice*)
SEYFARTH SHAW LLP
Two Seaport Lane, Suite 1200
Boston, MA 02210
Tel.: (617) 946-8316
msteinberg@seyfarth.com

Kevin Young
FL Bar No.: 114151
SEYFARTH SHAW LLP
1075 Peachtree Street, NE
Atlanta, GA 30309
Tel.: (404) 885-1500
kyoung@seyfarth.com

90769279v.1

**TABLE OF CONTENTS**

**Page**

I.   Introduction ........................................................................................................1

II.  Argument ............................................................................................................2

    A.   Legal Principles Governing Motions to Stay Discovery. .......................2

    B.   The Motion to Dismiss Raises Clearly Meritorious and Case-Dispositive Issues. ...................................................................................5

    C.   Plaintiff Will Suffer No Meaningful Harm From a Stay........................9

III. Conclusion ........................................................................................................10

90769279v.1

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Anderson v. Macy's, Inc.*,
    943 F. Supp. 2d 531 (W.D. Pa. 2013) .................................................................. 7

*Chudasama v. Mazda Motor Corp.*,
    123 F.3d 1353 (11th Cir. 1997) ................................................................. 2, 3, 4, 8

*Feldman v. Flood*,
    176 F.R.D. 651 (M.D. Fla. 1997) ....................................................................... 4, 5

*Garbutt v. Ocwen Loan Servicing*,
    LLC, No. 8:20-CV-136-T-36JSS, 2020 WL 1476159 (M.D. Fla. Mar. 26, 2020) ........................................................................................................... 4

*Landis v. N. Am. Co.*,
    299 U.S. 248 (1936) ................................................................................................ 2

*Lawrence v. Governor of Ga.*,
    721 F. App'x 862 (11th Cir. 2018) ....................................................................... 4

*Little v. CSRA, Inc.*,
    834 F. App'x 495 (11th Cir. 2020) ....................................................................... 3

*McCabe v. Foley*,
    233 F.R.D. 683 (M.D. Fla. 2006) ....................................................................... 5, 9

*Mitchell v. Duval Cnty. Sch. Bd.*,
    107 F.3d 837 (11th Cir. 1997) (per curiam) ...................................................... 2

*Nankivil v. Lockheed Martin Corp.*,
    216 F.R.D. 689 (M.D. Fl. 2003), *aff'd*, 87 F. App'x 713 (11th Cir. 2003) ................................................................................................................... 5

*Ne. Fla. Chapter of Ass'n of Gen. Contractors of Am. v. City of Jacksonville, Fla.*,
    896 F.2d 1283 (11th Cir. 1990) ......................................................................... 10

*Patterson v. U.S. Postal Serv.*,
    901 F.2d 927 (11th Cir. 1990) .................................................................................. 2

*Pincus v. Am. Traffic Sols., Inc.*,
    333 So. 3d 1095 (Fla. 2022) ................................................................................ 7, 8

*Roberts v. FNB S. of Alma, Georgia*,
    716 F. App'x 854 (11th Cir. 2017) ........................................................................... 4

*Roman v. Tyco Simplex Grinnell*,
    732 F. App'x 813 (11th Cir. 2018) ........................................................................... 3

*Sampson v. Murray*,
    415 U.S. 61 (1974) ................................................................................................. 10

*Simpson v. Specialty Retail Concepts, Inc.*,
    121 F.R.D. 261 (M.D.N.C. 1988) ............................................................................ 4

*Steward v. Int'l Longshoreman's Ass'n, Loc. No. 1408*,
    829 F. App'x 913 (11th Cir. 2020) ........................................................................... 3

## Statutes

Americans with Disabilities Act Title III ("ADA") ........................................... *passim*

Florida Civil Rights Act ...................................................................................... *passim*

## Other Authorities

28 C.F.R. § 36.302(a) ................................................................................................ 6

28 C.F.R. § 36.307 .................................................................................................... 6

28 C.F.R. § 36.307(c) ................................................................................................ 6

I.      **Introduction**

This lawsuit is a nationwide putative class action brought by plaintiff Donnie Negreanu ("Plaintiff") who claims to be disabled because he is lactose intolerant and can only consume beverages made with dairy-free milk which, at Starbucks, cost more than those made with cow's milk. Complaint ("Compl."), ECF No. 1, ¶¶ 22-23, 28-29. He seeks an injunction from this Court to (1) order Starbucks to reduce the pricing of all its beverages made with non-dairy milks pursuant to Title III of the Americans with Disabilities Act ("ADA") and the Florida Civil Rights Act ("FCRA"), and (2) require the disgorgement of profits from Starbucks resulting from the higher prices charged in the past for beverages made with non-dairy milks pursuant to a claim for unjust enrichment. *Id.*, ¶¶ 51-82.

On December 21, 2022, Starbucks filed a Motion to Dismiss ("Motion to Dismiss" or "Motion") all three of Plaintiff's unmeritorious claims *in their entirety, with prejudice and without leave to amend*, because Plaintiff's legal theories have no legal basis and contradict explicit ADA regulations as well controlling judicial decisions. As set forth below, the Eleventh Circuit favors stays of discovery in cases like this one where the grounds for granting the Motion to Dismiss are compelling, the Motion is based on the plaintiff's failure to state a

1

claim for all counts, and no harm will result to Plaintiff if discovery is stayed until the Court decides the Motion to Dismiss.

## II.     Argument

### A.     Legal Principles Governing Motions to Stay Discovery.

This Court may stay discovery pending its decision on the Motion to Dismiss filed by Starbucks in the exercise of its inherent power "to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936); *Patterson v. U.S. Postal Serv.*, 901 F.2d 927, 929 (11th Cir. 1990) (observing that "[m]atters pertaining to discovery are committed to the sound discretion of the district court" and finding no abuse of discretion in staying discovery pending resolution of dispositive motion). The Eleventh Circuit has been quite explicit in its direction to district courts that stays of discovery should be granted where, as here, a defendant has filed a motion to dismiss based on the plaintiff's failure to state a claim. Specifically:

> Facial challenges to the legal sufficiency of a claim or defense, such as a motion to dismiss based on failure to state a claim for relief, should, … be resolved *before discovery begins*. Such a dispute always presents a purely legal question; there are no issues of fact because the allegations contained in the pleading are presumed to be true. Therefore, neither the parties nor the court have any need for discovery before the court rules on the motion.

*Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1367 (11th Cir. 1997) (citing *Mitchell v. Duval Cnty. Sch. Bd.*, 107 F.3d 837, 838 n.1 (11th Cir. 1997) (per curiam)

2

(emphasis added) (internal citations omitted).  The Eleventh Circuit explained that stays should be granted in this situation because discovery imposes significant costs for all litigants and "imposes burdens on the judicial system; scarce judicial resources must be  diverted from other cases to resolve discovery disputes."  *Id.*   The Eleventh Circuit further observed that

> [i]f the district court dismisses a nonmeritorious claim before discovery has begun, unnecessary costs to the litigants and to the court system can be avoided. Conversely, delaying ruling on a motion to dismiss such a claim until after the parties complete discovery encourages abusive discovery and, if the court ultimately dismisses the claim, imposes unnecessary costs. For these reasons, *any legally unsupported claim that would unduly enlarge the scope of discovery should be eliminated before the discovery stage, if possible.* Allowing a case to proceed through the pretrial processes with an invalid claim that increases the costs of the case does nothing but waste the resources of the litigants in the action before the court, delay resolution of disputes between other litigants, squander scarce judicial resources, and damage the integrity and the public's perception of the federal judicial system.

*Id.* at 1368 (emphasis added).

Panels of the Eleventh Circuit have repeated *Chudasama*'s directive on many occasions.  See, e.g., *Steward v. Int'l Longshoreman's Ass'n, Loc. No. 1408*, 829 F. App'x 913, 917 (11th Cir. 2020) ("Neither the parties nor the court have any need for, or right to, discovery before the court rules on such a motion.") (citing *Chudasama*, 123 F.3d at 1367); *Little v. CSRA, Inc.*, 834 F. App'x 495, 500 (11th Cir. 2020) ("[the plaintiff] was not entitled to discovery at the motion to dismiss stage"); *Roman v. Tyco Simplex Grinnell*, 732 F. App'x 813, 815 (11th Cir. 2018) ("In

3

civil actions, a plaintiff's right to perform discovery and present his claims to a jury are not absolute. In particular, a motion to dismiss for failure to state a claim must be resolved before discovery begins."); *Lawrence v. Governor of Ga.*, 721 F. App'x 862, 864 (11th Cir. 2018) ("In *Chudasama* …, we warned of the dangers of allowing a case to proceed through the pretrial processes with a potentially invalid claim … ."). For example, in *Roberts v. FNB S. of Alma, Georgia*, a panel of the Eleventh Circuit concluded that a district court did not abuse its discretion in staying discovery pending a ruling on the defendant's motion to dismiss, stating that "in general, motions to dismiss for failure to state a claim 'should be resolved before discovery begins.'" 716 F. App'x 854, 857 (11th Cir. 2017) (quoting *Chudasama*, 12 F.3d at 1367).

To be sure, as this Court stated in an earlier case, "a pending motion to dismiss, alone, is not a basis to delay discovery." *Garbutt v. Ocwen Loan Servicing*, LLC, No. 8:20-CV-136-T-36JSS, 2020 WL 1476159, at *1 (M.D. Fla. Mar. 26, 2020). Rather, in deciding whether to stay discovery, "the Court … must balance the harm produced by a delay in discovery against the possibility that the motion will be granted and entirely eliminate the need for such discovery." *Feldman v. Flood*, 176 F.R.D. 651, 652 (M.D. Fla. 1997)  (quoting *Simpson v. Specialty Retail Concepts, Inc.*, 121 F.R.D. 261, 263 (M.D.N.C. 1988)). In other words, as *Chudasama*'s emphasis on the "legal sufficiency" of the asserted claims makes

4

clear, a stay is more likely to be warranted where an initial review of the issues raised in the motion to dismiss shows that the motion "appears to be clearly meritorious and truly case dispositive." *Feldman*, 176 F.R.D. at 652-53.[1]  Thus, though "it is not necessary for the Court to, in effect, decide the motion to dismiss to determine whether the motion to stay discovery should be granted," *id.* at 653, "it is necessary for the Court to 'take a preliminary peek' at the merits of the motion to dismiss . . ." *Id.* at 652-53.  *See also McCabe v. Foley*, 233 F.R.D. 683, 685 (M.D. Fla. 2006) ("the Court must take a 'preliminary peek' at the merits of a dispositive motion to see if it 'appears to be clearly meritorious and truly case dispositive'") (quoting *Feldman*, 176 F.R.D. at 652-53).

### B.  The Motion to Dismiss Raises Clearly Meritorious and Case-Dispositive Issues.

In this case, it is evident from even a preliminary review of the Motion to Dismiss that the grounds for dismissal are very strong and support a stay of the complicated and expensive discovery required for this nationwide class action. The Complaint challenges the prices Starbucks charges everyone for beverages made with dairy-free milks and demands a price reduction for customers who are lactose-intolerant. *See* Compl. ¶¶ 3, 16.  As Starbucks explains in its Motion to

---

[1] *See Nankivil v. Lockheed Martin Corp.*, 216 F.R.D. 689, 692 (M.D. Fl. 2003), *aff'd*, 87 F. App'x 713 (11th Cir. 2003) ("courts have held good cause to stay discovery exists wherein resolution of a preliminary motion may dispose of the entire action") (internal citation and quotation marks omitted).

Dismiss, Plaintiff's demand contradicts the ADA regulation at 28 C.F.R. § 36.307 which explicitly states that the ADA "does not require a public accommodation to alter its inventory to include accessible or special goods that are designed for, or facilitate use by, individuals with disabilities," including "special foods to meet particular dietary needs." *Id.* at 10-13; 28 C.F.R. § 36.307(a) and (c). The Motion to Dismiss also discusses a number of court decisions, including one affirmed by the Eleventh Circuit, holding that the ADA does not require public accommodations such as Starbucks to sell products needed by people with disabilities *at all*, let alone involve courts in the business of determining the prices at which it chooses to sell them. *See* Mot. to Dismiss, ECF No. 18 at 11-13.

The Motion to Dismiss also debunks Plaintiffs' two arguments as to why Starbucks pricing for non-dairy milk beverages violates the ADA. It explains that Plaintiff's reliance on 28 C.F.R. § 36.302(a) (the ADA regulation that requires public accommodations to make reasonable modifications to normal policies, practices, and procedures provided the modifications do not fundamentally alter the nature of the goods and services offered) is misguided because the Department of Justice (DOJ) stated in its official regulation commentary that 28 C.F.R. § 36.307 was intended to be an standing exception to the more general rule requiring reasonable modification in 28 C.F.R. § 36.302(a). *Id.* at 13-15. As for Plaintiff's second argument – that the higher price is an unlawful surcharge-- the

6

Motion to Dismiss demonstrates that Plaintiff cannot meet the well-settled two-part test for unlawful surcharges under the ADA. Specifically, Plaintiff does not allege, or could he ever allege, that the surcharge is (1) "used to cover the costs of ADA-mandated measures, and (2) []a charge that nondisabled people would not incur[]." *Anderson v. Macy's, Inc.*, 943 F. Supp. 2d 531, 545 (W.D. Pa. 2013). Simply put, no law (including the ADA) requires Starbucks to offer any beverages with non-dairy milks, and Starbucks charges the same price for such beverages to all customers. *See* Mot. to Dismiss, ECF No. 18 at 16-18. Thus, Plaintiff has not alleged facts that support the existence of an unlawful surcharge under the ADA.

In sum, Plaintiff has not stated a claim under the ADA, and his FRCA claim also fails because is it based on the same facts and unmeritorious legal arguments. Plaintiff's FCRA claim is also barred because he failed to exhaust his administrative remedies before filing this lawsuit. *See* Mot. to Dismiss, ECF No. 18 at 19.

As for Plaintiff's claim for unjust enrichment/restitution, the Motion to Dismiss explains that this count must be dismissed under the Eleventh Circuit's controlling decision in *Pincus v. Am. Traffic Sols., Inc.*, 333 So. 3d 1095, 1097-98 (Fla. 2022). The Eleventh Circuit held in *Pincus* that an alleged statutory violation is not sufficient to state a claim for unjust enrichment where the

7

defendant "gave value in exchange" for the charge at issue. *Id.* at 1097. The Complaint here claims that Starbucks was "unjustly enriched" because Plaintiff paid a higher price for drinks made with non-dairy milk than he would have paid for drinks made with cow's milk, and (he contends) that practice is unlawful under Title III and the FCRA. *See* ECF No. 1, ¶¶ 76-82. Even assuming, solely for the sake of argument, that the pricing of Starbucks beverages made with non-dairy milk was unlawful, Plaintiff indisputably received something of value in exchange for the price he paid: The drinks he ordered. Accordingly, he has not stated a claim for unjust enrichment under *Pincus*.

     In sum, a preliminary peek at the Motion to Dismiss reveals that all three counts of the Complaint are highly "dubious," and this is precisely the type of situation that requires a stay so as to avoid a waste of substantial litigant and judicial resources. In *Chudasama*, the Eleventh Circuit found that the district court should have ruled on the defendant's motion to dismiss a fraud count in the lawsuit before allowing discovery to proceed because the ruling could have substantially narrowed the scope of discovery. The Court observed that "[t]he dubious nature of the fraud count made the need for a ruling even more imperative." *Chudasama*, 123 F.3d at 1369. In this case, the dismissal of all three claims would end the lawsuit, making no discovery necessary. But, in the unlikely event that only one count is dismissed, the scope of discovery would

8

still be much narrower. For example, dismissal of the unjust enrichment claim would eliminate discovery of past profits relating to the sale non-dairy beverages. The dismissal of the FCRA claim would eliminate discovery into Plaintiff's alleged damages and personal injuries since damages are not recoverable under the ADA or under a theory of unjust enrichment. In short, a stay of discovery pending the Court's decision on the pending Motion to Dismiss for failure to state a claim would promote efficiency and conserve valuable judicial and litigant resources.

### C. Plaintiff Will Suffer No Meaningful Harm From a Stay.

This case is in its earliest stages. The Complaint was filed in late October 2022. *See* ECF No. 1. Per the Uniform Case Management Report submission, ECF No. 19, the parties contemplate the close of fact discovery in January 2024 –- more than one year from now. Thus, there is no serious argument that a temporary stay while the Court decides the Motion to Dismiss will cause any case management concerns or otherwise place Plaintiff at a procedural disadvantage. *See McCabe*, 233 F.R.D. at 687 ("the Court does not agree that Plaintiff will be prejudiced by a temporary delay in discovery while the potentially case dispositive motions are decided").

Moreover, this is not a case in which Plaintiff claims he (or anyone else) faces any ongoing barrier preventing him from accessing Starbucks' goods or

9

services.  To the contrary, Plaintiff will continue to be able to order Starbucks drinks made with non-dairy milk – as he alleges he has done *for the past ten years*. Compl., ¶ 2.  To the extent that Plaintiff takes issue with the price of those drinks, such financial injury may be redressed through recovery of damages should his FCRA and/or unjust enrichment claims survive dismissal.  *Cf. Ne. Fla. Chapter of Ass'n of Gen. Contractors of Am. v. City of Jacksonville, Fla.*, 896 F.2d 1283, 1285 (11th Cir. 1990) ("The possibility that adequate compensatory or other corrective relief will be available at a later date, in the ordinary course of litigation, weighs heavily against a claim of irreparable harm.") (quoting *Sampson v. Murray*, 415 U.S. 61, 90, (1974)).  Plaintiff thus suffers no meaningful harm from an interim stay of discovery.

### III.   Conclusion

For the reasons stated herein, Starbucks respectfully requests that this Court (1) grant its Motion to Stay Discovery and (2) enter an order staying discovery, and all other pre-trial case management deadlines, until such time as the Court issues a decision on the Motion to Dismiss filed by Starbucks.

Dated: December 28, 2022

/s/ Minh N. Vu

Minh N. Vu (*Pro hac vice*)
SEYFARTH SHAW LLP
975 F St NW
Washington, DC 20004

10

90769279v.1

Tel.: (202) 828-5337
mvu@seyfarth.com

Michael E. Steinberg (*Pro hac vice*)
SEYFARTH SHAW LLP
Two Seaport Lane, Suite 1200
Boston, MA 02210
Tel.: (617) 946-8316
msteinberg@seyfarth.com

Kevin Young
FL Bar No.: 114151
SEYFARTH SHAW LLP
1075 Peachtree Street, NE
Atlanta, GA 30309
Tel.: (404) 885-1500
kyoung@seyfarth.com

## Certificate of Service

I hereby certify that this document filed through the CM/ECF system will be sent electronically to the registered participants as identified on the NEF and paper copies will be sent to any persons indicated as non-registered participants on December 28, 2022.

/s/ Minh N. Vu
Minh N. Vu

## Local Rule 3.01(g) Certification

I hereby certify that, on December 14, 2022, I conferred with counsel for Plaintiff by telephone regarding the issues raised in the instant motion.  The parties were unable to reach agreement regarding resolution the issues raised in this motion.

/s/ Minh N. Vu
Minh N. Vu

Dated: December 28, 2022