UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

DONNIE NEGREANU, individually and on behalf of all those similarly situated,

Plaintiff,

v.

Case No.: 8:22-cv-02421-CEH-SPF

STARBUCKS CORPORATION, a Washington Corporation,

Defendant.

RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION
TO STAY DISCOVERY PENDING RULING ON
DEFENDANT'S MOTION TO DISMISS

Plaintiff, Donnie Negreanu, by and through his undersigned counsel, Bogdan Enica and Keith L. Gibson, hereby submits this Response in Opposition to Defendant's Motion to Stay Discovery, and in support thereof states as follows:

### Introductory Statement

Staying discovery in this case is not only prejudicial to Plaintiff but also wholly unwarranted. Defendant's Motion to Stay Discovery Pending Ruling on Defendant's Motion to Dismiss ("Motion") does not present any arguments as to why the stay is reasonable, appropriate or necessary in this case.

### Memorandum of Law

Since courts have "broad discretion in deciding how best to manage the cases before them," *Chudasama v. Mazda Motor Corp.,* 123 F.3d 1353, 1366 (11th Cir.1997),

this discretion includes the "ability to stay discovery, **only if** a movant demonstrates good cause and reasonableness." *McCabe v. Foley,* 233 F.R.D. 683, 685 (M.D. Fla. 2006) (internal citations omitted) (emphasis added).

A request to stay discovery pending a resolution of a motion is rarely appropriate unless resolution of the motion will dispose of the entire case. *Id.* The pendency of a motion to dismiss, in itself, does not justify a stay of discovery pending the Court's resolution of the motion. Middle District Discovery (2021) at Section I.E.4.

A stay of discovery should be the exception rather than the rule. *McCrimmon v. Centurion of Florida, LLC*, 3:20-CV-36-J-39JRK, 2020 WL 6287681, at *2 (M.D. Fla. Oct. 27, 2020). In fact, motions to stay discovery are not favored because when discovery is delayed or prolonged it can create case management problems which impede the Court's responsibility to expedite discovery and cause unnecessary litigation expenses and problems. *Feldman v. Flood*, 176 F.R.D. 651, 652 (M.D. Fla. 1997). Such motions are granted only in "unusual circumstances [that] may justify a stay of discovery in a particular case **upon a showing of prejudice or undue burden**." Middle District Discovery (2021) at Section I.E.4.(emphasis added).

Here, Starbucks did not, and cannot, show prejudice or undue burden. The legal analysis presented by Starbucks in its Motion ignores the requirements of the law.

Also, "a proponent of the stay bears the burden of demonstrating its necessity, appropriateness, and reasonableness." *McCrimmon v. Centurion of Florida, LLC,* 3:20-CV-36-J-39JRK, 2020 WL 6287681, at *2 (M.D. Fla. Oct. 27, 2020); *Ray v. Spirit Airlines, Inc.*, 12-61528-CIV, 2012 WL 5471793, at *1 (S.D. Fla. Nov. 9, 2012).

In this case, Starbucks did not, even once, raise any argument to support necessity, appropriateness, and reasonableness of the proposed stay.

Responding to discovery, in itself, is not prejudicial. Specifically, the party seeking a stay of discovery "must show good cause by demonstrating a particular need for protection," because "[b]road allegations of harm, unsubstantiated by specific examples or articulated reasoning, do not satisfy the Rule 26(c) test." *Trinos v. Quality Staffing Servs. Corp.*, 250 F.R.D. 696, 698 (S.D. Fla. 2008) (citing *Cipollone v. Liggett Group, Inc.,* 785 F.2d 1108, 1121 (3d Cir. 1986)).

This is exactly what Starbucks is doing here; it is bringing broad, undefined, and speculative reasons as why discovery and "all the other deadlines" should be entirely stayed.

Furthermore, it is well settled that when a litigant seeking a wholesale stay of discovery, "the litigant must articulate **the injury** with specificity." *St. Louis Condo. Ass'n Inc. v. Rockhill Ins. Co.*, No. 18-21365-CIV, 2019 WL 2011401, at *2 (S.D. Fla. Mar. 11, 2019), (citing *United States v. Dentsply Int'l, Inc.*, 187 F.R.D. 152, 158 (D. Del. 1999) (emphasis added). The movant must meet this burden with a "particular and specific demonstration of fact as distinguished from stereotyped and conclusory statements." *Ekokotu v. Fed. Exp. Corp.*, 408 F. App'x 331, 336 (11th Cir. 2011), *citing United States v. Garrett,* 571 F.2d 1323, 1326 n. 3 (5th Cir.1978). *See also Archer v. City of Winter Haven*, No. 8:16-CV-3067-T-36AAS, 2018 WL 8806515, at *1 (M.D. Fla. Apr. 10, 2018).

No such particular or specific allegation of harm or prejudice was raised by Starbucks in its Motion.

If "Defendants do not show that unusual circumstances justify the requested stay, that prejudice or an undue burden will result if the Court does not impose a stay, or that a stay is reasonable and necessary in this action" the stay should be denied. *White v. Venice HMA, LLC*, 8:22-CV-1989-CEH-AEP, 2022 WL 17417624, at *2 (M.D. Fla. Dec. 5, 2022).

Defendants' Motion to Dismiss is unlikely to be granted with prejudice and without leave to amend. Plaintiff's Complaint is well pleaded and contains both sufficient factual basis and strong legal support for its allegations. Upon a showing of prejudice or undue burden, the Court should take a preliminary peek at the Complaint in order to determine the likelihood of the Complaint being dismissed with prejudice and without leave to amend. *Gibbons v. Nationstar Mortgage LLC*, 3:14-CV-1315-J-39MCR, 2015 WL 12840959, at *1 (M.D. Fla. May 18, 2015).

Starbucks' arguments are inherently inconsistent. On the one hand, Starbucks argues this is a simple case that should be dismissed outright; while on the other hand arguing that discovery would be "complicated and expensive." Even a cursory review of Plaintiff's Complaint reveals it has substantive merit and is unlikely to be dismissed.

Further, in the unlikely event that Starbucks is successful in its Motion to Dismiss, the Plaintiff will almost certainly be granted leave to amend their Complaint as leave to amend "shall be freely given when justice so requires." *Bell v. J.B. Hunt Transp., Inc.*, 427 F. App'x 705, 707 (11th Cir. 2011).

## Conclusion

A stay of discovery would be prejudicial to the parties, would allow for loss of evidence, and will not promote a prompt resolution of this action. It is unlikely the Motion to Dismiss will be case dispositive and, even if it is granted, Plaintiff will most likely be granted leave to amend his Complaint. Because Starbucks failed to show prejudice or undue burden associated with complying to its discovery obligations, the Court should deny Defendants' Motion to Stay in its entirety.

Dated January 9, 2023

> s/Bogdan Enica
> Bogdan, Enica
> PRACTUS, LLP
> FL Bar No.: 101934
> 66 West Flagler St., Ste. 937
> Miami, FL 33130
> Telephone: (305) 539-9206
> Email: Bogdan.Enica@practus.com
>
> Keith L. Gibson (*pro hac vice*)
> IL Bar No.: 6237159
> 490 Pennsylvania Avenue Suite 1
> Glen Ellyn, IL 60137
> Telephone: (630) 677-6745
> Email: Keith.Gibson@practus.com
>
> *Counsel for Plaintiff and the Putative Class*

## **CERTIFICATE OF SERVICE**

I hereby certify that on January 9, 2023, the foregoing was electronically filed with the Clerk of Court using the CM/ECF system, which will send notification to all counsel and parties of record in this case.

January 9, 2023

/s/ Bogdan Enica<br>
<b>Bogdan Enica, Esq.</b>