UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

DONNIE NEGREANU,

    Plaintiff,

v.                                        Case No: 8:22-cv-2421-CEH-SPF

STARBUCKS CORPORATION,

    Defendant.

## ORDER

This cause comes before the Court upon the Motion to Stay Discovery, filed by Defendant Starbucks Corporation (Doc. 20). Upon careful consideration, the Court will deny the motion.

## DISCUSSION

In this class action suit, Donnie Negreanu sues the Starbucks Corporation ("Starbucks") under Title III of the Americans with Disabilities Act, as well as the Florida Civil Rights Act, alleging that Starbucks discriminates against individuals with lactose intolerance by imposing a surcharge for alternative milk products. Doc. 1 ¶¶ 51–75. Negreanu also brings a claim for unjust enrichment, claiming that the allegedly illegal surcharges conferred a benefit on Starbucks, at the expense of Negreanu and the class. *Id.* ¶¶ 76–82.

Starbucks has filed a Motion to Dismiss the complaint. Doc. 18. It now asks the Court to stay discovery pending resolution of its Motion to Dismiss. Doc. 20. In

support, Starbucks argues that it is evident from a preliminary review that the grounds for dismissal are very strong, and that the Court should thus stay "the complicated and expensive discovery required for this nationwide class action." *Id.* at 5–6. Starbucks also claims that Negreanu's state-law claim is barred because he has failed to exhaust his administrative remedies. *Id.* at 7. Negreanu opposes the request for a stay, arguing that a stay of discovery would be prejudicial to him and that such a measure is unwarranted. Doc. 22 at 1. He argues that Starbucks has not shown that unusual circumstances justify the requested stay, and that the Motion to Dismiss is unlikely to be granted with prejudice and without leave to amend. *Id.* at 4.

Courts have broad discretion in managing their own dockets. *Clinton v. Jones*, 520 U.S. 681, 706 (1997). This discretion includes the ability to stay discovery if a movant demonstrates good cause and reasonableness. *James v. JPMorgan Chase Bank, N.A.*, No. 8:15-CV-2424-SDM-JSS, 2016 WL 520031, at *1 (M.D. Fla. Feb. 9, 2016) (citing Fed. R. Civ. P 26(c)(1)). The pendency of a motion to dismiss normally will not justify a unilateral motion to stay discovery pending the Court's resolution of the motion to dismiss. And Eleventh Circuit case law, including the holding in *Chudasama v. Mazda Motor Corporation*, 123 F.3d 1353 (11th Cir. 1997), does not support "the implicit contention that discovery should be stayed whenever a defendant files a motion to dismiss." *In re Winn Dixie Stores, Inc. Erisa Litig.*, No. 3:04-CV-194-VMC-MCR, 2007 WL 1877887, at *2 (M.D. Fla. June 28, 2007).[1] However, "unusual

---

[1] Although the Eleventh Circuit in *Chudasama* held that "[f]acial challenges to the legal sufficiency of a claim or defense, such as a motion to dismiss based on failure to state a claim

circumstances may justify a stay of discovery in a particular case upon a showing of prejudice or undue burden." Middle District Discovery (2021) at Section I.E.4. Thus, "a stay of discovery pending the resolution of a motion to dismiss is the exception, rather than the rule." *Jolly v. Hoegh Autoliners Shipping AS*, No. 3:20-cv-1150-MMH-PDB, 2021 WL 1822758, at *1 (M.D. Fla. Apr. 5, 2021).

In determining whether to stay discovery pending the resolution of a motion, the Court "must balance the harm produced by a delay in discovery against the possibility that the motion will be granted and entirely eliminate the need for such discovery." *Feldman v. Flood*, 176 F.R.D. 651, 652 (M.D. Fla. 1997). In balancing these considerations, the Court may take a "preliminary peek" at the merits of the purportedly dispositive motion to determine if, on the motion's face, "there appears to be an immediate and clear possibility" that the Court will grant the motion, which supports entering a stay. *Id.* The Court generally denies motions to stay absent a clear indication that the Court will dismiss the action in its entirety. *McCrimmon v. Centurion of Fla., LLC*, No. 3:20-cv-36-BJD-JRK, 2020 WL 6287681, at *2 (M.D. Fla. Oct. 27, 2020) (collecting cases); *Jolly*, 2021 WL 1822758, at *1–2. Finally, the movant must

---

for relief, should . . . be resolved before discovery begins," the cause of action subject to dismissal in that case significantly enlarged the scope of discovery and was "especially dubious." *Id*. at 1367–68. *Chudasama* and its progeny actually "stand for the [narrow] proposition that courts should not delay ruling on a likely meritorious motion to dismiss while undue discovery costs mount." *Koock v. Sugar & Felsenthal, LLP*, No. 8:09-CV-609-EAK-EAJ, 2009 WL 2579307, at *2 (M.D. Fla. Aug. 19, 2009) (quoting *In re Winn Dixie Stores*, 2007 WL 1877887, at *1).

3

show the necessity, appropriateness, and reasonableness of the proposed stay. *Jolly*, 2021 WL 1822758, at *1.

Here, Starbucks does not show that unusual circumstances justify the requested stay, or that prejudice or an undue burden will result if the Court does not impose a stay. Furthermore, a "preliminary peek" at the Motion to Dismiss does not reveal a clear indication that the Court will dismiss the action in its entirety with prejudice. Thus, Starbucks has not satisfied the high standard required to stay discovery pending resolution of a dispositive motion. Having balanced the harm produced by a delay in discovery against the possibility that the Court will grant the Motion to Dismiss, the Court will deny the Motion to Stay Discovery.

Accordingly, it is **ORDERED** that Defendant Starbucks Corporation's Motion to Stay Discovery (Doc. 20) is **DENIED**.

**DONE** and **ORDERED** in Tampa, Florida on February 13, 2023.

Charlene Edwards Honeywell
United States District Judge

Copies furnished to:

Counsel of Record
Unrepresented Parties

4