**United States District Court**
**Middle District of Florida**
**Tampa Division**

DONNIE NEGREANU, individually
and on behalf of all those similarly
situated**,**

        Plaintiff,

v.                   No. 8:22-CV-02421-CEH-SPF

STARBUCKS CORPORATION, a
Washington Corporation**,**

        Defendant.

---

**<u>DEFENDANT'S RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION
FOR LEAVE TO FILE FIRST AMENDED COMPLAINT</u>**

Minh N. Vu (*Pro hac vice*)
SEYFARTH SHAW LLP
975 F St NW
Washington, DC 20004
Tel.: (202) 828-5337
mvu@seyfarth.com

Michael E. Steinberg (*Pro hac vice*)
SEYFARTH SHAW LLP
Two Seaport Lane, Suite 1200
Boston, MA 02210
Tel.: (617) 946-8316
msteinberg@seyfarth.com

Kevin Young
FL Bar No.: 114151
SEYFARTH SHAW LLP
1075 Peachtree Street, NE
Atlanta, GA 30309
Tel.: (404) 885-1500
kyoung@seyfarth.com

## <u>TABLE OF CONTENTS</u>

<u>Page</u>

I.      Introduction ........................................................................................... 1

II.     New Claims and Allegations in the Proposed FAC ......................... 3

III.    Legal Standard ..................................................................................... 4

IV.     Argument .............................................................................................. 6

        A.      This Court Lacks Personal Jurisdiction Over the Putative
                Plaintiff's Claims ..................................................................... 6

                i.      Starbucks is Not Subject to General Jurisdiction in
                        Florida. ........................................................................... 9

                ii.     The Court Lacks Specific Jurisdiction Over Starbucks
                        Because Putative Plaintiff's Claims Do Not Arise Out of
                        Starbucks Contacts with Florida. ............................... 10

        B.      The Putative Plaintiff's Title III and Derivative Unruh Act
                Claims Fail as a Matter of Law. ............................................ 14

        C.      The FAC's Intentional Discrimination Claim Under the Unruh
                Act Fails as a Matter of Law .................................................. 17

        D.      To The Extent Putative Plaintiff Asserts An Unjust Enrichment
                Claim, It Fails as a Matter of Law. ....................................... 19

V.      Conclusion .......................................................................................... 20

95043562v.4

# <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*A.L., by & through D.L. v. Walt Disney Parks & Resorts US, Inc.*,
  469 F. Supp. 3d 1280 (M.D. Fla. 2020), *aff'd sub nom. A.L. by &*
  *through D.L., v. Walt Disney Parks & Resorts U.S., Inc.*, 50 F.4th
  1097 (11th Cir. 2022) ................................................................... 15

*AcryliCon USA, LLC v. Silikal GmbH*,
  985 F.3d 1350 (11th Cir. 2021) ................................................... 20

*Advantus, Corp. v. Sandpiper of Cal., Inc.*,
  No. 3:18-CV-1368-J-34JRK, 2019 WL 4751725 (M.D. Fla. Sept. 30,
  2019) ............................................................................................. 12

*Anderson v. Macy's, Inc.*,
  943 F. Supp. 2d 531 (W.D. Pa. 2013) ......................................... 16

*Ashcroft v. Iqbal*,
  556 U.S. 662 (2009) ....................................................................... 5

*Bassett v. Sinterloy Corp.*,
  No. 01 C 3141, 2002 WL 1888477 (N.D. Ill. Aug. 15, 2002) .................... 7

*Berkery v. Kaplan*,
  518 F. App'x 813 (11th Cir. 2013) .............................................. 20

*Boemio v. Love's Rest.*,
  954 F. Supp. 204 (S.D. Cal. 1997) .............................................. 20

*Bristol-Myers Squibb Co. v. Superior Ct. of Cal., San Francisco Ctny.*,
  582 U.S. 255 (2017) ........................................................... *passim*

*Bryant v. Hasbro, Inc.*,
  No. 8:18-CV-1336-T-36CPT, 2019 WL 2211053 (M.D. Fla. May 22,
  2019) (Edwards Honeywell, J.) ................................................... 10

*Burger King Corp. v. Weaver*,
  169 F.3d 1310 (11th Cir. 1999) ............................................. 5, 14

95043562v.4

*Cable/Home Commc'n Corp. v. Network Prods., Inc.,*
    902 F.2d 829 (11th Cir. 1990) ................................................................... 6

*Carmouche v. Tamborlee Mgmt., Inc.,*
    789 F.3d 1201 (11th Cir. 2015) ........................................................... 7, 8, 9

*Chaparro v. Carnival Corp.,*
    693 F.3d 1333 (11th Cir. 2012) ................................................................ 5

*Christman v. Walsh,*
    416 F. App'x 841 (11th Cir. 2011) ........................................................... 5

*Comet Theatre Enters, Inc. v. Cartwright,*
    195 F.2d 80 (9th Cir. 1952) ................................................................... 20

*Daimler AG v. Bauman,*
    571 U.S. 117 (2014) ................................................................... 6, 7, 9, 10

*Dare v. Cal.,*
    191 F.3d 1167 (9th Cir. 1999) ............................................................... 16

*Del Valle v. Trivago GMBH,*
    56 F.4th 1265 (11th Cir. 2022) ........................................................... 7, 11

*Doe v. Mut. of Omaha Ins. Co.,*
    179 F.3d 557 (7th Cir. 1999) ................................................................. 15

*Doe v. Samford Univ.,*
    29 F.4th 675 (11th Cir. 2022) ................................................................. 5

*Feldman v. BRP US, Inc.,*
    No. 17-CIV-61150, 2018 WL 8300534 (S.D. Fla. Mar. 28, 2018) ........................... 13

*Future Tech. Today, Inc. v. OSF Healthcare Sys.,*
    218 F.3d 1247 (11th Cir. 2000) ............................................................... 6

*Goodyear Dunlop Tires Operations, S.A. v. Brown,*
    564 U.S. 915 (2011) ..................................................................... 8, 9, 12

*Greater L.A. Agency on Deafness, Inc. v. Cable News Network, Inc.,*
    742 F.3d 414 (9th Cir. 2014) ................................................................. 19

iii

*Hall v. United Ins. Co. of Am.,*
  367 F.3d 1255 (11th Cir. 2004) ................................................................... 5, 6

*Knepfle v. J-Tech Corp.,*
  48 F.4th 1282 (11th Cir. 2022) ................................................................... 10, 11

*Lewis v. Mercedes-Benz USA, LLC,*
  530 F. Supp. 3d 1183 (S.D. Fla. 2021) ...................................................... 8, 11, 13

*Martinez v. Cot'n Wash, Inc.,*
  81 Cal. App. 5th 1026 (2022), *review denied* (Nov. 9, 2022) ...................... 17, 18, 19

*Maynard v. Bd. of Regents of Div. of Univs. of Fla. Dep't of Educ.,*
  342 F.3d 1281 (11th Cir. 2003) ....................................................................... 5

*Munson v. Del Taco, Inc.,*
  46 Cal. 4th 661 (2009) ................................................................................ 14

*Mussat v. IQVIA, Inc.,*
  953 F.3d 441 (7th Cir. 2020) ........................................................................... 8

*Peterson v. Cellco P'ship,*
  164 Cal. App. 4th 1583 (2008) ...................................................................... 20

*Republic of Panama v. BCCI Holdings (Luxembourg) S.A.,*
  119 F.3d 935 (11th Cir. 1997) ......................................................................... 7

*Seiferth v. Helicopteros Atuneros, Inc.,*
  472 F.3d 266 (5th Cir. 2006) ........................................................................ 12

*SkyHop Techs., Inc. v. Narra,*
  58 F.4th 1211 (11th Cir. 2023) ........................................................................ 7

*Smith v. Trans-Siberian Orchestra,*
  728 F. Supp. 2d 1315 (M.D. Fla. 2010) ............................................................ 5

*Story v. Heartland Payment Sys., LLC,*
  461 F. Supp. 3d 1216 (M.D. Fla. 2020) ............................................................ 8

*Walden v. Fiore,*
  571 U.S. 277 (2014) ...................................................................................... 6

95043562v.4

*Wright v. Sheehy Ford of Marlow Heights, Inc.*,
No. CV 19-2365 (TJK), 2020 WL 977974 (D.D.C. Feb. 28, 2020) ........................... 7

**Statutes**

ADA Title III ........................................................................................*passim*

Fla. Stat. § 48.193 (1)(a) .......................................................................... 10

RICO Section 1965(d) ................................................................................ 7

Unruh Act ...........................................................................................*passim*

**Other Authorities**

28 C.F.R. § 36.307(a) ......................................................................... 14, 15, 16

28 C.F.R. § 36.307(c) ........................................................................... 2, 15, 16

Fed. R. Civ. P. 4(k)(1)(A) .......................................................................... 6

Federal Rule of Civil Procedure 11 ...................................................... 18, 19

*Nondiscrimination on the Basis of Disability by Public Accommodations
and in Commercial Facilities*, 56 Fed. Reg. 35,544, 35,571 (July 26,
1991) ....................................................................................................... 16

Rule 12(b)(2) ...................................................................................... 1, 6, 8

Rule 12(b)(6) ......................................................................................... 2, 5

I.    **Introduction**

It is axiomatic that a court may deny leave to amend if the amendment

would be an exercise in futility.  Plaintiff's proposed amendments to the

Complaint are futile four times over.

*First*, the proposed First Amended Complaint, ECF No. 28-1 ("FAC") seeks

to add, as a named plaintiff and class representative, a California resident whose

claims arise *solely from her patronage of Starbucks stores in California* (the "Putative

Plaintiff").  Starbucks is not subject to general personal jurisdiction in Florida

courts because it is neither incorporated nor maintains a principal place of

business in Florida.  As for specific personal jurisdiction, there is no dispute that

the Putative Plaintiff's claims have no connection to Florida whatsoever.  The

absence of any such connection is fatal to the existence of specific jurisdiction

under the Florida long-arm statute.  Moreover, under *Bristol-Myers Squibb Co. v.

Superior Ct. of Cal., San Francisco Ctny.*, 582 U.S. 255 (2017) ("*Bristol-Myers*") and

its progeny, the exercise of specific jurisdiction over the Putative Plaintiff's

claims would be incompatible with Due Process.  The claims of the Putative

Plaintiff would therefore not survive Rule 12(b)(2) dismissal.

*Second*, even if this Court had personal jurisdiction over the claims of the

Putative Plaintiff, her proposed claims under Title III of the ADA ("Title III" or

the "ADA"), and derivative California Unruh Act claim, are futile because they

would be subject to Rule 12(b)(6) dismissal.  As Starbucks argued in its Motion to Dismiss, *see* ECF No. 18,[1] the ADA and regulations promulgated under the statute specify that a public accommodation is not obligated to provide, *inter alia*, "special foods to meet particular dietary needs," let alone sell such items free of charge.  28 C.F.R. § 36.307(c).  Moreover, the higher price that Starbucks charges for beverages made with non-dairy milks (the "Upcharge") is not a prohibited surcharge under the ADA, since neither the Complaint nor the proposed FAC actually alleges – nor could they – that Starbucks only imposes the Upcharge on disabled customers.  Since the Putative Plaintiff's theory of liability under Title III fails as a matter of law, her ADA claim and ADA-dependent Unruh Act claim fail.  Amendment of the Complaint to assert such claims would be futile.

*Third*, the Putative Plaintiff's allegations of intentional discrimination under the Unruh Act fail as a matter of law, and the proposed amendment to add this theory of recovery would therefore be futile.  Under the Unruh Act, allegations that a facially neutral policy causes discriminatory effects on a particular group, without more, are insufficient as a matter of law to establish intentional discrimination.  Accordingly, the FAC's allegations that the Upcharge has disparate impacts on persons with lactose intolerance are legally insufficient to establish intentional discrimination under the Unruh Act.

---

[1] The Motion to Dismiss remains pending.

*Fourth*, while the FAC is not clear on whether the Putative Plaintiff is asserting an unjust enrichment claim, any such claim under California law, where all of her transactions with Starbucks took place, would fail because equitable recovery is unavailable where the plaintiff received the expected benefit of her contractual bargain.  There is no dispute that the Putative Plaintiff received exactly what she paid for:  beverages made with non-dairy milk products.   Consequently, this claim would also be futile.

## II.    New Claims and Allegations in the Proposed FAC

The proposed FAC would add Putative Plaintiff, a resident of Fresno, California, to this lawsuit.  FAC ¶22.  Putative Plaintiff "has purchased items, including coffee drinks and other beverages, at various Starbucks' [sic] locations in the State of California."  *Id.*  The FAC contains no other allegations concerning the Putative Plaintiff's patronage of Starbucks stores in Florida or elsewhere. Putative Plaintiff claims to be lactose intolerant and "must consume drinks that do not contain milk or milk-based products."  *Id.* ¶24.

According to the FAC, Putative Plaintiff has been ordering "coffee-based and other drinks at Starbucks retail coffee shops in California since at least 2016 to the present."  *Id.* ¶2.  When she has done so, she has asked for drinks made with soy, oat, coconut, or almond milk.  *Id.* ¶3.  The proposed FAC alleges that Starbucks charges all consumers between $0.50 and $0.80 extra for those

95043562v.4

beverages.  *Id.* ¶¶3, 4.  *See also id.* ¶32 ("A consumer will pay at least $0.50-$0.80 more for a drink at Starbucks for Non-Dairy Alternatives."); *id.* ¶102 (alleging that Starbucks has a "policy of charging all customers a surcharge for Non-Dairy Alternatives").

In addition to the national class and Florida subclass set forth in the Complaint, the FAC would add a California subclass consisting of California citizens who suffer from lactose intolerance and have purchased "drinks or other items from Starbucks in California" from October 21, 2020 to the present.  *Id.* ¶41(C).

Putative Plaintiff seeks to assert the following individual claims: (1) Violation of Title III (Count I); (2) Violation of the California Unruh Act, predicated on Violation of Title III (Count II, ¶¶93-100); and (3) Violation of the California Unruh Act, predicated on a theory of intentional discrimination (Count II, ¶¶85-92).  It is not clear whether Putative Plaintiff also seeks to assert a claim under Count IV of the FAC for Unjust Enrichment.  The allegations under that Count only refer to a male "Plaintiff" which would not include Putative Plaintiff. (Count II, ¶¶107-113).

## III.  <u>Legal Standard</u>

"Although leave to amend shall be freely given when justice so requires, a motion to amend may be denied on numerous grounds such as … futility of the

amendment." *Maynard v. Bd. of Regents of Div. of Univs. of Fla. Dep't of Educ.*, 342 F.3d 1281, 1286–87 (11th Cir. 2003) (internal citations and quotations omitted). "[D]enial of leave to amend is justified by futility when the complaint as amended is still subject to dismissal." *Hall v. United Ins. Co. of Am.*, 367 F.3d 1255, 1263 (11th Cir. 2004) (quoting *Burger King Corp. v. Weaver*, 169 F.3d 1310, 1320 (11th Cir. 1999)).  In determining whether amendment would be futile on this basis, a court assesses the proposed amendments under the same standard as would be applied to a Rule 12(b)(6) motion to dismiss.  *See Christman v. Walsh*, 416 F. App'x 841, 844 (11th Cir. 2011) (reciting and applying Rule 12(b)(6) standard in assessing futility of amendment for failure to state a claim).[2]

Amendment is also properly denied as futile where the proposed amended pleading would be subject to dismissal on jurisdictional grounds, including lack of personal jurisdiction.  *See Smith v. Trans-Siberian Orchestra*, 728 F. Supp. 2d 1315, 1319 (M.D. Fla. 2010) (stating, in context of challenge to

---

[2] "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Doe v. Samford Univ.*, 29 F.4th 675, 685 (11th Cir. 2022) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)) (internal quotation marks omitted).  "Because the presumption of truth applies only to facts, the court may disregard labels and conclusions couched as factual allegations." *Id.* (quoting *Iqbal*, 556 U.S. at 687) (internal quotation marks and alterations omitted).  Moreover, "[f]actual allegations that are 'merely consistent with a defendant's liability' fall short of being facially plausible." *Chaparro v. Carnival Corp.*, 693 F.3d 1333, 1337 (11th Cir. 2012) (quoting *Iqbal*, 556 U.S. at 678) (some internal quotation marks omitted).  In other words, "if allegations are indeed more conclusory than factual, then the court does not have to assume their truth." *Id.*

amendment for lack of personal jurisdiction, that "[w]here a complaint as amended would be subject to dismissal for lack of jurisdiction, the complaint is futile and leave to amend should be denied") (citing *Hall,* 367 F.3d at 1262–63). In the context of a Rule 12(b)(2) motion, the Putative Plaintiff bears the burden, in the first instance, of pleading sufficient facts to establish the exercise of personal jurisdiction over a non-resident defendant.  *See Future Tech. Today, Inc. v. OSF Healthcare Sys.*, 218 F.3d 1247, 1249 (11th Cir. 2000) ("Plaintiff's burden in alleging personal jurisdiction is to plead sufficient material facts to establish the basis for exercise of such jurisdiction."); *Cable/Home Commc'n Corp. v. Network Prods., Inc.*, 902 F.2d 829, 855 (11th Cir. 1990) (the plaintiff must establish a prima facie case of personal jurisdiction over nonresident defendant).

## IV.  <u>Argument</u>

### A.  **This Court Lacks Personal Jurisdiction Over the Putative Plaintiff's Claims.**

"Federal courts ordinarily follow state law in determining the bounds of their jurisdiction over persons." *Walden v. Fiore*, 571 U.S. 277, 283 (2014), quoting

95043562v.4

*Daimler AG v. Bauman*, 571 U.S. 117, 125 (2014) (citing Fed. R. Civ. P. 4(k)(1)(A)).[3],[4]

Thus, "a federal court generally undertakes a two-step analysis to determine whether there is personal jurisdiction over a nonresident defendant." *Del Valle*, 56 F.4th at 1272. "First, the court must determine whether the plaintiff has alleged sufficient facts to subject the defendant to the forum state's long-arm statute." *Id.* "Second, if the court determines that the forum state's long-arm statute has been satisfied, it must then decide whether the exercise of jurisdiction comports with the Due Process Clause of the Fourteenth Amendment." *Id.*

Under both the state long-arm statute and due process analysis, personal jurisdiction can be established in two ways: specific jurisdiction "—that is, jurisdiction over suits that *arise out of or relate to a defendant's contacts with Florida*," *Carmouche v. Tamborlee Mgmt., Inc.*, 789 F.3d 1201, 1204 (11th Cir. 2015) (emphasis

---

[3] *See also, e.g., SkyHop Techs., Inc. v. Narra*, 58 F.4th 1211, 1222 (11th Cir. 2023) ("Federal courts ordinarily follow state law in determining the bounds of their jurisdiction over persons.") (*quoting Bauman*, 571 U.S. at 125) (applying 14th Amendment due process analysis in case raising both state and federal claims in Florida federal court); *Del Valle v. Trivago GMBH*, 56 F.4th 1265, 1272 (11th Cir. 2022) ("Even in cases arising under federal law, [f]ederal courts ordinarily follow state law in determining the bounds of their jurisdiction over persons.") (federal question case; quoting *Daimler*).

[4] There is a narrow exception for cases in which a plaintiff asserts a claim under a federal statute that authorizes nationwide service of process. *See, e.g., Republic of Panama v. BCCI Holdings (Luxembourg) S.A.*, 119 F.3d 935, 942 (11th Cir. 1997) (Section 1965(d) of RICO). That exception is inapplicable here: the only federal statute the Complaint and the FAC invoke, the ADA, has no provision authorizing nationwide service of process. *See Wright v. Sheehy Ford of Marlow Heights, Inc.*, No. CV 19-2365 (TJK), 2020 WL 977974, at *2 n.2 (D.D.C. Feb. 28, 2020) (observing that the ADA does not authorize nationwide service of process); *Bassett v. Sinterloy Corp.*, No. 01 C 3141, 2002 WL 1888477, at *2 (N.D. Ill. Aug. 15, 2002) ("the ADA does not provide for nationwide service of process").

added), or "general personal jurisdiction — that is, jurisdiction over any claims against a defendant, whether or not they involve the defendant's activities in Florida[.]"  *Id.*  Or, as the Supreme Court explained it, there are "two types of personal jurisdiction: 'general' (sometimes called 'all-purpose') jurisdiction and 'specific' (sometimes called 'case linked') jurisdiction."  *Bristol-Myers*, 582 U.S. at 262 (quoting *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011)).

Personal jurisdiction requirements do not change just because this is a putative class action.  In a putative class action, each individually named plaintiff must be able to establish personal jurisdiction over the defendant.  *Mussat v. IQVIA, Inc.*, 953 F.3d 441, 447 (7th Cir. 2020) ("the named representatives must be able to demonstrate either general or specific personal jurisdiction"); *Lewis v. Mercedes-Benz USA, LLC*, 530 F. Supp. 3d 1183, 1226 (S.D. Fla. 2021) ("A putative class representative seeking to hale a defendant into court to answer to the class must have personal jurisdiction over that defendant just like any individual litigant must.") (citing cases; quoting Newberg on Class Actions § 6:25 (5th ed.)); *Story v. Heartland Payment Sys., LLC*, 461 F. Supp. 3d 1216, 1231 (M.D. Fla. 2020) ("Even in a class action … the named representatives must be able to demonstrate either general or specific personal jurisdiction[.]") (quoting *Mussat*, 953 F.3d at 447).  Accordingly, to survive a Rule 12(b)(2) motion, Putative

8

Plaintiff must be able to establish either general or specific personal jurisdiction. She cannot.

### i.    *Starbucks is Not Subject to General Jurisdiction in Florida.*

For a corporation, "the paradigm forum for the exercise of general jurisdiction" is either the corporation's state of incorporation or where it maintains its principal place of business.  *Bauman*, 571 U.S. at 137.  Those are the two places the Supreme Court has identified where "the corporation is fairly regarded as at home."  *Id.* (quoting *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 924 (2011)).  *See also Carmouche*, 789 F.3d at 1204 ("A corporation's place of incorporation and its principal place of business are paradigm all-purpose forums.") (internal quotation marks omitted; quoting *Bauman,* 571 U.S. at 137).

Indeed, the Supreme Court in *Bauman* explicitly rejected the notion that a defendant's "engag[ing] in a substantial, continuous, and systematic course of business" in a state would be sufficient to render the corporation subject to general jurisdiction.   *Bauman,* 571 U.S. at 137-38.  Thus, the Supreme Court concluded that the defendant corporation could not be subject to general jurisdiction in California because it was neither headquartered nor incorporated there.  The court found that the following allegations regarding defendant's activities in the state were insufficient to establish personal jurisdiction:

Maintenance of "multiple California-based facilities," a regional office in the state, multiple plants, and substantial vehicle sales within the state. *Id.* at 123, 136-39.

Against that backdrop, it is beyond argument that Starbucks cannot be subject to general jurisdiction in Florida. The FAC alleges that Starbucks is both incorporated and maintains its principal place of business in the State of Washington. *See* FAC ¶23. The only other facts in the FAC concerning Starbucks contacts with Florida are that the company owns and operates retail stores in the state. *Id.* Those allegations do not establish general jurisdiction over Starbucks by a Florida Court. *See* B*ryant v. Hasbro, Inc.*, No. 8:18-CV-1336-T-36CPT, 2019 WL 2211053, at *3 (M.D. Fla. May 22, 2019) (Edwards Honeywell, J.) (observing that general jurisdiction has been found to be lacking even where a company maintains physical store locations in Florida).

> ii. ***The Court Lacks Specific Jurisdiction Over Starbucks Because Putative Plaintiff's Claims Do Not Arise Out of Starbucks Contacts with Florida.***

In order for specific jurisdiction to attach to claims against a foreign defendant, Florida's long-arm statute "requires a connection … between the enumerated activity *in Florida* [*e.g.*, operating, conducting, engaging in, or carrying on a business in the state, *see* Fla. Stat. § 48.193 (1)(a)] and the cause of action." *Knepfle v. J-Tech Corp.*, 48 F.4th 1282, 1292 (11th Cir. 2022) (emphasis

added) (internal quotation marks and citation omitted).  Here, there is no connection whatsoever between the Putative Plaintiff's proposed claims and Starbucks operations in Florida:  All of her claims relate to alleged injuries she suffered in California as a result of Starbucks ownership and/or operation of stores in California.  FAC ¶¶2, 3, 23.  The absence of any connection between the Putative Plaintiff's claims and Starbucks activities in Florida forecloses her ability to establish specific jurisdiction under Florida's long-arm statute.  *Knepfle*, *supra*; *Lewis*, 530 F. Supp. 3d at 1226 ("The inapplicability of Florida's long-arm statute is fatal to the Court's exercise of personal jurisdiction over the nonresident Plaintiffs' state law claims.").

For the same reason, the exercise of specific jurisdiction in this case would also fail to comport with the Fourteenth Amendment's Due Process Clause under *Bristol-Myers* and its progeny.  "In specific jurisdiction cases like this one, we examine whether [] the plaintiff's claims arise out of or relate to one of the defendant's contacts with the forum state[.]"  *Del Valle*, 56 F.4th at 1275 (internal quotation marks and citation omitted).  In *Bristol-Myers*, the Supreme Court made clear that this analysis is plaintiff- and claim-specific: "In order for a court to exercise specific jurisdiction over *a claim*, there must be an affiliation between the forum and the underlying controversy, principally, [an] activity or an

occurrence that takes place in the forum State."  582 U.S. at 264 (quoting

*Goodyear*, 564 U.S. at 919) (emphasis added) (internal quotations omitted).[5]

The Supreme Court held in *Bristol-Meyers* that out-of-state residents could

not join California residents to assert claims in a mass tort action in California

court against an out-of-state defendant.  582 U.S. at 264-66.  It explained that the

existence of other, in-state plaintiffs in the lawsuit who suffered injury in the

state did not suffice to establish personal jurisdiction as to the claims of the out-

of-state plaintiffs.  *Id.* at 265 (the "mere fact that *other* [in-state] plaintiffs were

prescribed, obtained, and ingested the [product at issue] in California — and

allegedly sustained the same injuries as did the nonresidents—does not allow the

State to assert specific jurisdiction over the nonresidents' claims.") (emphasis

added).  "What is needed—and what is missing here—is a connection between

the forum and *the specific claims at issue*."  *Id.* (emphasis added).

Here, as in *Bristol-Myers*, the Putative Plaintiff is not a resident of the

forum state and does not claim to have suffered any harm in that state.  *Id.*  Here,

as in *Bristol-Myers*, "all the conduct giving rise to the [Putative Plaintiff's] claims

---

[5] *See also Advantus, Corp. v. Sandpiper of Cal., Inc.*, No. 3:18-CV-1368-J-34JRK, 2019 WL 4751725, at *16 (M.D. Fla. Sept. 30, 2019) ("[I]f separate claims are pled, specific personal jurisdiction must independently exist for each claim and the existence of personal jurisdiction for one claim will not provide the basis for another claim.") (quoting *Seiferth v. Helicopteros Atuneros, Inc.*, 472 F.3d 266, 275 (5th Cir. 2006)).

occurred elsewhere" (*i.e.* California).  *Id.*  Consequently, this Court in Florida cannot exercise specific jurisdiction over Putative Plaintiff's claims consistent with due process.

Since *Bristol-Myers*, at least two courts in this Circuit have dismissed on personal jurisdiction grounds non-resident putative class representatives seeking to bring claims that had no connection to Florida.  In *Lewis*, the Florida District Court  dismissed the claims of out-of-state putative class representatives because those claims "arise from conduct that took place entirely outside of Florida.  *See*, *e.g.*, *Lewis*, 530 F. Supp. 3d at 1226 & n.13.  In *Feldman v. BRP US, Inc.*, No. 17-CIV-61150, 2018 WL 8300534, at *4-*5 (S.D. Fla. Mar. 28, 2018), the court dismissed an out-of-state putative class representative for lack of personal jurisdiction, stating that  "the [out-of-state putative class representative's] claims arise from conduct that took place completely outside of the forum where he seeks to bring suit.  It follows that this Court cannot exercise specific jurisdiction over his claims."  *Id.* at *5.

In sum, Putative Plaintiff cannot establish specific personal jurisdiction over Starbucks and amendment of the Complaint to assert her claims would be futile.

B.      **The Putative Plaintiff's Title III and Derivative Unruh Act Claims Fail as a Matter of Law.**

Amendment to add Putative Plaintiff's proposed claims should also be denied because they fail as a matter of law and amendment would be futile.  *See Burger King*, 169 F.3d at 1320.  In the FAC, Putative Plaintiff seeks to assert claims under Title III, and a derivative claim under the California Unruh Act.[6]  These claims are based on the same  legally defective Title III theories contained in the original Complaint: That the ADA requires Starbucks to offer beverages made with coconut, soy, oat, and almond milk products free of charge as a "reasonable modification[]" to its policies, practices, or procedures.  FAC ¶57, and that its failure to do so is an unlawful "surcharge."  *Id.* ¶61.

Starbucks has already discussed the fatal legal problems with these theories of liability at length in its Motion to Dismiss, and refers the Court to the discussion at pages 10 through 18 of its Memorandum of Law due to the page limitations on this brief.  *See* ECF No. 18 at 17-25.  Though it is unnecessary to repeat that discussion here, the salient points are worth underscoring.  First, Title III does not regulate the kinds of products sold by a place of public accommodation and, in particular, does not require them to sell "accessible or special goods."  28 C.F.R. § 36.307(a).  The DOJ's regulations provide that the

---

[6] *See Munson v. Del Taco, Inc.*, 46 Cal. 4th 661, 672 (2009) (explaining that violation of the ADA is a theory of liability under the Unruh Act).

14

statute "does not require a public accommodation to alter its inventory to include accessible or special goods that are designed for, or facilitate use by, individuals with disabilities." *Id*. The regulation goes on to elaborate that such "accessible or special goods" specifically include "special foods to meet particular dietary needs." 28 C.F.R. § 36.307(c). *See A.L., by & through D.L. v. Walt Disney Parks & Resorts US, Inc.*, 469 F. Supp. 3d 1280, 1305 (M.D. Fla. 2020), *aff'd sub nom. A.L. by & through D.L., v. Walt Disney Parks & Resorts U.S., Inc.*, 50 F.4th 1097 (11th Cir. 2022) ("The common sense of the statute is that the content of the goods or services offered by a place of public accommodation is not regulated.") (quoting *Doe v. Mut. of Omaha Ins. Co.*, 179 F.3d 557, 560 (7th Cir. 1999)). It follows logically that the ADA does not purport to dictate the prices that businesses charge for such accessible goods. As this Court observed in *A.L., by & through D.L.* "[i]t is hardly a feasible judicial function to decide whether" stores should sell accessible goods "and if so at what price." 469 F. Supp. 3d at 1305.

In short, Title III does not require Starbucks to sell beverages with non-dairy milk — or any other product, for that matter -- let alone dictate the price at which it must sell those products. Rather, as DOJ stated in its official commentary to § 36.307, "[t]he purpose of the ADA's public accommodations requirements is to ensure accessibility *to* the goods offered by a public accommodation, not to alter the nature or mix of goods that the public

15

accommodation has typically provided." *Nondiscrimination on the Basis of Disability by Public Accommodations and in Commercial Facilities*, 56 Fed. Reg. 35,544, 35,571 (July 26, 1991) (emphasis added).

Second, the Complaint – and the proposed FAC – cannot sidestep the obvious import of the DOJ's clear language in 28 C.F.R. § 36.307(a) and (c) by branding the Upcharge a "surcharge" on the lactose intolerant. *See, e.g.*, FAC ¶61. As Starbucks explained in its Motion to Dismiss, "In order to evaluate whether a cost constitutes a surcharge that violates Title III of the ADA, a court considers whether it (1) is used to cover the costs of ADA-mandated measures and (2) is … []a charge that nondisabled people would not incur[]." *Anderson v. Macy's, Inc.*, 943 F. Supp. 2d 531, 545 (W.D. Pa. 2013) (citing, *inter alia*, *Dare v. Cal.*, 191 F.3d 1167, 1171 (9th Cir. 1999)).

The Upcharge satisfies neither of these criteria. First, under 28 C.F.R. § 36.307(c), Starbucks is not required to sell drinks rendered with non-dairy milk products *at all*; the additional price it charges for those drinks is consequently not a charge used to "cover the costs of *ADA-mandated* measures … ." *Anderson*, 943 F. Supp. 2d at 545(emphasis added). Second, the FAC itself makes clear – and there is no dispute – that the Upcharge applies to all customers who order drinks made with non-dairy milks, and it is therefore not a charge applicable only to

16

persons with disabilities.  FAC ¶102 (alleging that Starbucks has a "policy of charging all customers a surcharge for Non-Dairy Alternatives").

In short, Title III of the ADA does not require Starbucks to offer non-dairy milks in the first place, nor does not control the pricing for such non-dairy milk. Moreover, the Upcharge is not a prohibited "surcharge" under the ADA, as that term has been defined by the courts.  Putative Plaintiff's proposed Title III and derivative Unruh Act claims thus fail to state claims for which relief can be granted, and leave to amend should be denied as futile.

## C.    The FAC's Intentional Discrimination Claim Under the Unruh Act Fails as a Matter of Law.

Putative Plaintiff also seeks to assert a claim of intentional discrimination under the Unruh Act because the Upcharge has a disparate impact on persons with lactose intolerance.  *See* FAC ¶¶85-92.  The California Court of Appeals has consistently and recently made clear that policies that apply to everyone, but that have a disparate impact on disabled persons, cannot be the basis for an intentional discrimination claim under the Unruh Act.  *See Martinez v. Cot'n Wash, Inc.*, 81 Cal. App. 5th 1026, 1036 (2022), *review denied* (Nov. 9, 2022).

In *Martinez*, the court stated:  "A claimant may not rel[y] on the *effects* of a facially neutral policy on a particular group ... to infer solely from such effects a discriminatory intent."  *Id.* (alterations and emphasis in original; last emphasis and internal quotation marks omitted).  "[A]bsent an ADA violation, the Unruh

Act requires allegations supporting willful, affirmative misconduct … with the *specific intent to accomplish discrimination on the basis of a protected trait*." *Id.* (internal citations and quotation marks omitted; emphasis added).

In *Martinez*, the plaintiff claimed the defendant engaged in intentional discrimination by having a website that could not be used by blind people and then refused to fix the website after being notified of its inaccessibility. *Martinez*, 81 Cal. App. 5th at 1034.  The California Court of Appeal held that those allegations were insufficient to state a cognizable claim of intentional discrimination under the Unruh Act. *Id.* at 1036.

The FAC's allegations of discriminatory intent in this case are similarly lacking.  The FAC alleges that Starbucks "created a surcharge targeted to persons with lactose intolerance, because Defendant accommodates other customers' dietary preferences and allergies free of charge *but imposes a surcharge only on persons with lactose intolerance*." FAC ¶85.  It must be assumed that this italicized statement was included in error because it is so outrageously false as to be sanctionable under Federal Rule of Civil Procedure 11.   Even the most cursory investigation into the facts would make clear that the Upcharge is charged to everyone who orders a beverage with a non-dairy milk, and the FAC contradicts this false contention where it later states that  "Defendant's policy of charging *all*

18

*customers* a surcharge for Non-Dairy Alternatives disproportionately affects persons with lactose intolerance."  *Id.* at ¶102 (emphasis added).

The bottom line is that all customers who want a non-dairy milk in their beverages must pay the Upcharge, not just those who have lactose intolerance, as the FAC acknowledges.  The FAC does not allege, nor could it ever allege without violating Rule 11, that the only customers who request non-dairy milk are lactose intolerant.  A facially neutral policy that has a disparate impact on persons with disabilities cannot form the basis for an intentional discrimination claim under the Unruh Act and leave to amend the Complaint would, therefore, be futile.  *See Martinez*, 81 Cal. App. 5th at 1036; *Greater L.A. Agency on Deafness, Inc. v. Cable News Network, Inc.*, 742 F.3d 414, 425 (9th Cir. 2014) ("[T]he Unruh Act does not extend to practices and policies that apply equally to all persons.") (internal quotation marks and citations omitted).

**D.    To The Extent Putative Plaintiff Asserts An Unjust Enrichment Claim, It Fails as a Matter of Law.**

Starbucks assumes that Putative Plaintiff is not asserting a claim under Count IV of the FAC for unjust enrichment because that count only refers to one "Plaintiff" who is male. FAC ¶¶107-113.  However, if Putative Plaintiff is asserting such a claim, Starbucks should be given the opportunity to submit further briefing as to why this claim would also be subject to dismissal.  *See* FAC ¶¶107-113.  Specifically, under California law, which would apply to Putative

19

Plaintiff, "[t]here is no equitable reason for invoking restitution *when the plaintiff gets the exchange which he expected.*"  *Peterson v. Cellco P'ship*, 164 Cal. App. 4th 1583, 1593 (2008) (quoting *Comet Theatre Enters,, Inc. v. Cartwright* (195 F.2d 80, 83 (9th Cir. 1952)) (emphasis added).  Here, Plaintiff admits that she received "lactose-free or vegan milk" drinks "in exchange" for her payment of the Upcharge, so there has been no unjust enrichment.  FAC ¶108.  Moreover, Putative Plaintiff should not be permitted to circumvent the limited types of relief afforded by Congress and the California legislature under the ADA and Unruh Act by adding an unjust claim seeking the disgorgement of profits.[7]  *See Peterson*, 164 Cal. App. 4th at 1595 (rejecting plaintiff's attempt to evade the legislature's decision to disallow private causes of action under the Insurance Code by proceeding under an "unjust enrichment" theory).

## V.   <u>Conclusion</u>

For all of the foregoing reasons, Starbucks respectfully requests that Plaintiff's Motion for Leave to File First Amended Complaint be denied as futile.

---

[7] Money damages are entirely unavailable to private litigants under Title III.  *See, e.g., Berkery v. Kaplan*, 518 F. App'x 813, 814 (11th Cir. 2013).  The Unruh Act provides that a prevailing plaintiff may recover either fixed statutory damages or "actual damages" —meaning "compensatory damages that include both special damages for out-of-pocket losses and general damages for emotional distress."  *Boemio v. Love's Rest.*, 954 F. Supp. 204, 208 (S.D. Cal. 1997).  As the Eleventh Circuit recently explained, actual damages are fundamentally different from restitution for unjust enrichment.  *See AcryliCon USA, LLC v. Silikal GmbH*, 985 F.3d 1350, 1368 (11th Cir. 2021) ("The fundamental difference between restitution and actual damages, therefore, is that the former is measured by the defendant's gain, while the latter is measured by the plaintiff's loss.").

Dated: May 26, 2023

/s/ Minh N. Vu

Minh N. Vu (*Pro hac vice*)
SEYFARTH SHAW LLP
975 F St NW
Washington, DC 20004
Tel.: (202) 828-5337
mvu@seyfarth.com

Michael E. Steinberg (*Pro hac vice*)
SEYFARTH SHAW LLP
Two Seaport Lane, Suite 1200
Boston, MA 02210
Tel.: (617) 946-8316
msteinberg@seyfarth.com

Kevin Young
FL Bar No.: 114151
SEYFARTH SHAW LLP
1075 Peachtree Street, NE
Atlanta, GA 30309
Tel.: (404) 885-1500
kyoung@seyfarth.com

## <u>Certificate of Service</u>

I hereby certify that this document filed through the CM/ECF system will be sent electronically to the registered participants as identified on the NEF and paper copies will be sent to any persons indicated as non-registered participants on May 26, 2023.

*/s/ Minh N. Vu*
Minh N. Vu

Dated: May 26, 2023

22