UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

DONNIE NEGREANU, individually and on behalf of all those similarly situated,

        Plaintiff,

v.

STARBUCKS CORPORATION, a Washington Corporation,

        Defendant.

Case No.: 8:22-cv-02421-CEH-SPF

_____

**PLAINTIFF'S REPLY IN FURTHER SUPPORT OF**
**MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT**

Plaintiff, Donnie Negreanu, by and through his undersigned counsel, Bogdan Enica, Keith L. Gibson, and Rachel Soffin, hereby submits this Reply in further support of the Motion for Leave to File First Amended Complaint, and in support thereof states as follows:

**Introductory Statement**

Starbucks responds to Plaintiff's Motion for Leave to Amend the Complaint by stating that it is unable to prove why the Court should deny such motion. Starbucks claim it's argument to be "axiomatic" (Response at 1) and hence unprovable. In turn, Starbucks files an entire motion to dismiss disguised as an opposition to the Motion to Leave.

("[L]eave to amend should only be denied on the ground of futility when the proposed amendment is clearly insufficient or frivolous on its face. *Taylor v. Fla. State Fair Auth.*, 875 F. Supp. 812, 815 (M.D. Fla. 1995). This Court already addressed the issue of the complaint being "frivolous" in its ruling on Defendant's Motion to Stay Discovery that a "preliminary peek at the Motion to Dismiss does not reveal a clear indication that the Court will dismiss the action in its entirety with prejudice." (Dkt. 25, pg. 4)

## Memorandum of Law

A decision whether to grant leave to amend is within the discretion of the district court. *Foman v. Davis*, 371 U.S. 178, 182, 83 S.Ct. 227, 230 (1962). There must be a "justifying reason" for a Court to deny leave. *Foman,* 371 U.S. at 182, 83 S.Ct. at 230; *see also Halliburton & Assoc. v. Henderson, Few & Co.*, 774 F.2d 441, 443 (11th Cir. 1985) ("substantial reason" needed). "[L]eave should be "freely given," absent any "apparent or declared reason," including bad faith, undue delay, the movant's dilatory motive, or repeated failure to cure deficiencies by previously allowed amendments. *Uppal v. Wells Fargo Fin.,* 8:19-CV-2319-T-36TGW, 2020 WL 7419587, at *1 (M.D. Fla. Apr. 3, 2020), *citing Foman v. Davis*, 371 U.S. 178, 182 (1962).

The <u>Foman</u> decision clarified the factors that a district judge may use to deny leave to amend, which include undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party, and futility of the amendment. *Foman*, 371 U.S. at 182, 83 S.Ct. at 230. If these factors are not present, a court should freely

grant the leave to amend. *Id*; *see also Shamblin v. Obama for Am.,* 8:13-CV-2428-T-33TBM, 2014 WL 12610221, at *1 (M.D. Fla. May 30, 2014).

Although the Court has discretion to deny pleading amendments under Federal Rule of Civil Procedure 15(a), there is a strong preference in the Eleventh Circuit for allowing them. *Pratt v. Gov't Employees Ins. Co.,* 8:18-CV-1607-T-36AEP, 2019 WL 5394190, at *2 (M.D. Fla. May 8, 2019), referencing *Burger King Corp. v. Weaver,* 169 F.3d 1310, 1319 (11th Cir. 1999).

In fact, even if the Court grants leave to file the First Amended Complaint, nothing stops Starbucks from moving to dismiss, based on the same or different grounds as its original motion to dismiss. *See Gaffney v. Ficarrotta,* 8:21-CV-21-CEH-CPT, 2021 WL 9244091, at *2 (M.D. Fla. Nov. 10, 2021) ("[Defendants] may move to dismiss on the same grounds if [Plaintiffs] name them as defendants in the second amended complaint.").

For these reasons only, the Court should grant Plaintiff leave to file the First Amended Complaint. Starbucks declare that amending the complaint would be frivolous and tries to use four arguments in support of its "unprovable" claims. We will address each one of the claims in turn:

First, Starbucks relies heavily on *Bristol-Myers Squibb Co. v. Superior Ct. of Cal., San Francisco Ctny.,* 582 U.S. 255 (2017) citing this case no less than eight times and basing most of its argument on the Supreme Court's decision in this *Bristol-Myers*, a case about applicability of state law in mass tort context. However, its overdependence on that case is misplaced. The Middle District of Florida, following the precedent in

the Eleventh Circuit made it clear that "[c]onsistent with the majority of courts in this district, this circuit, and elsewhere, this Court will not extend *Bristol-Myers* to class actions." *Marquette v. HomeAdvisor, Inc.,* 620CV1490ORL31EJK, 2021 WL 2942742, at *4 (M.D. Fla. Jan. 15, 2021) (collecting cases). "The factual differences between a […] class action and a state-court mass tort suit counsel against applying *Bristol-Myers* here." *Id.* This is a case about a federal statute pending in federal court. *Id.* at *FN6.

Second, Defendant argues that an amendment would be subject to Rule 12(b)(6) dismissal. However, a motion to amend the Complaint is not evaluated under the same standards as a motion to dismiss. As explained above, Defendant can make its Rule 12(b)(6) and related arguments in a separate motion.

Third, Defendant argues that leave should not be granted because Plaintiff's intentional discrimination claim under the Unruh Act fails as a matter of law. This argument is without merit. Whether the claim fails as a matter of law is not a recognized reason to oppose a request for leave to file an amended pleading. Defendant is free to make these arguments in a motion to dismiss. Whether Plaintiff's Unruh Act claim for intentional discrimination fails requires a detailed legal analysis that cannot be determined by the one case cited by Defendant. The proposed Amended Complaint is not frivolous or clearly insufficient on its face to warrant denial of Plaintiff's motion for leave to file the first amended complaint.

Lastly, similarly to the Unruh Act claims, Plaintiff's claim for unjust enrichment is not frivolous or clearly insufficient to warrant denial of Plaintiff's motion for leave

to file the first amended complaint. Again, Defendant is free to make any legal arguments in a motion to dismiss or other pleading but Plaintiff should be permitted to the first amended complaint.

## Conclusion

For the reasons stated here, Plaintiff's Motion for Leave to File First Amended Complaint should be granted and any other relief this Court deems appropriate.

Dated: July 10, 2023                    Respectfully Submitted,

/s/ Bogdan Enica
Bogdan, Enica, Esq.
FL Bar No.: 101934
66 West Flagler St., Ste. 937
Miami, FL 33130
Telephone: (888) 252-7780
Email: Bogdan@keithgibsonlaw.com


Keith L. Gibson, Esq. (*Pro Hac Vice*)
490 Pennsylvania Avenue, Suite 1
Glen Ellyn IL 60137
Telephone: (630) 677-6745
Email: Keith@keithgibsonlaw.com


*Counsel for Plaintiff and the Putative Class*

## **CERTIFICATE OF SERVICE**

I hereby certify that on July 10, 2023, the foregoing was electronically filed with the Clerk of Court using the CM/ECF system, which will send notification to all counsel and parties of record in this case.

July 10, 2023

/s/Bogdan Enica
**Bogdan Enica, Esq.**
