UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

DONNIE NEGREANU,

    Plaintiff,

v.                                         Case No: 8:22-cv-2421-CEH-SPF

STARBUCKS CORPORATION,

    Defendant.
_____

## ORDER

This matter comes before the Court upon Plaintiff Donnie Negreanu's Motion for Leave to File First Amended Complaint (Doc. 28), Defendant Starbucks' Response in Opposition (Doc. 32), and Plaintiff's Reply (Doc. 37). Plaintiff argues that he should be granted leave to file an amended complaint pursuant to Federal Rule of Civil Procedure 15(a)(2) because his proposed amendment is timely, was not made for any improper reason, and leave to amend is freely given under such circumstances. Doc. 28 at 3. Defendant responds that Plaintiff's proposed amendment would be futile because the Amended Complaint fails to state a claim or establish personal jurisdiction over Defendant. Doc. 32. The Court, having considered the briefing and being fully advised in the premises, will grant Plaintiff leave to file an Amended Complaint.

## BACKGROUND

In this class action suit, Plaintiff brings three claims against Defendant: (1) a claim under Title III of the Americans with Disabilities Act ("ADA"); (2) a Florida

Civil Rights Act ("FCRA") claim; and (3) a claim for unjust enrichment. Doc. 1 ¶¶ 51–82. Each claim stems from allegedly unlawful surcharges Defendant levied on lactose-intolerant individuals who ordered alternative milk products in their coffee. *Id.* Defendant has moved to dismiss on the grounds that Plaintiff fails to establish a *prima facie* case of discrimination as related to his ADA claim, failed to exhaust administrative remedies for his FCRA claim, and received value for any payments made to Starbucks, thus defeating his unjust enrichment and restitution claims. Doc. 18.

The Court's Case Management and Scheduling Order, entered on February 13, 2023, directed that any motions to add parties or amend pleadings were to be filed by May 3, 2023. Doc. 26 at 2. On May 1, 2023, Plaintiff filed the instant Motion seeking leave to add a new named plaintiff to the litigation and bring an additional cause of action under California law. Doc. 28. Defendant opposes, and Plaintiff has filed a Reply. Docs. 32, 37.

## LEGAL STANDARD

The Federal Rules of Civil Procedure provide that a court should freely grant leave to amend "when justice so requires." Fed. R. Civ. P. 15(a)(2). "[T]he grant or denial of an opportunity to amend is within the discretion of the [d]istrict [c]ourt." *Foman v. Davis,* 371 U.S. 178, 182 (1962). Although the Court has discretion to deny pleading amendments under Federal Rule of Civil Procedure 15(a), there is a strong preference in the Eleventh Circuit for allowing them. *See Burger King Corp. v. Weaver,* 169 F.3d 1310, 1319 (11th Cir. 1999). A district court may deny a motion to amend

on numerous grounds, including undue delay, undue prejudice to the defendant, and futility of the amendment. *Maynard v. Bd. of Regents of the Div. of Univs. of the Florida Dep't. of Educ.,* 342 F.3d 1281, 1287 (11th Cir. 2003). However, leave to amend should only be denied on the ground of futility when the proposed amendment is clearly insufficient or frivolous on its face. *Taylor v. Fla. State Fair Auth.,* 875 F. Supp. 812, 815 (M.D. Fla. 1995).

## DISCUSSION

Plaintiff argues that he should be given leave to amend because his Motion is made in good faith, timely, and does not unduly prejudice Defendant. Doc. 28 at 3. Defendant responds that the proposed amendments would be futile because the Amended Complaint fails to establish personal jurisdiction over Defendant or state a claim upon which relief can be granted. *See* Doc. 32. Plaintiff replies that these arguments should be made in a motion to dismiss, and that under the standard for timely motions for leave to amend, his Motion should be granted. Doc. 37 at 3–5.

Thus, the Court must determine whether to grant leave to amend under Federal Rule of Civil Procedure 15(a)(2). The Rule states that, apart from amendments made as a matter of course, "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). Here, Defendant does not consent to the amendment. As to Defendant's argument that the proposed amendment would be futile, the Court is not convinced. Defendant cites several cases from this Circuit and District in which leave to amend was denied based on a finding of futility. *See e.g.,*

*Christman v. Walsh,* 416 F. App'x 841, 844 (11th Cir. 2011); Doc. 32 at 4–6. However, Defendant ignores the fact that in *Christman*, a motion to dismiss had already been granted in the case, and the court found that the proposed amendment would be futile based on the same deficiencies that led to the initial complaint's dismissal. *Christman*, 416 F. App'x at 843. Similarly, Defendant cites *Hall v. United Ins. Co. of Am.,* 367 F.3d 1255, 1263 (11th Cir. 2004) for the proposition that leave to amend should be denied as futile when a complaint is "still subject to dismissal." However, like in *Christman*, the court in *Hall* had already dismissed a previous iteration of the complaint and found that the plaintiff's proposed amended complaint would fail for the same reasons. *Hall*, 367 F.3d at 1263.

Here, the Court has not yet ruled on Defendant's Motion to Dismiss (Doc. 18), and Plaintiff's proposed amendment is not clearly frivolous or futile on its face. Thus, Defendant's argument that Plaintiff should be denied leave to amend is unconvincing. *See Taylor v. Fla. State Fair Auth.,* 875 F. Supp. 812, 815 (M.D. Fla. 1995) ("[L]eave to amend should only be denied on the ground of futility when the proposed amendment is clearly insufficient or frivolous on its face."). Furthermore, this is Plaintiff's first proposed amendment, and there is no sign of dilatory motive, undue delay, or that Defendant would be unduly prejudiced by Plaintiff's amendment. As such, the Court will grant Plaintiff leave to file an amended complaint. *See Halliburton & Assocs., Inc. v. Henderson, Few & Co.,* 774 F.2d 441, 443 (11th Cir. 1985) ("The rule contemplates that leave shall be granted unless there is a substantial reason to deny it.").

Accordingly, it is **ORDERED**:

1. Plaintiff's Motion for Leave to File First Amended Complaint (Doc. 28) is **GRANTED**.

2. Plaintiff shall file his Amended Complaint as a separate docket entry within **SEVEN (7) DAYS** of this Order.

**DONE** and **ORDERED** in Tampa, Florida on July 12, 2023.

Charlene Edwards Honeywell
United States District Judge

Copies furnished to:

Counsel of Record
Unrepresented Parties