**United States District Court**
**Middle District of Florida**
**Tampa Division**

DONNIE NEGREANU and ELAINE
CHAIX, individually and on behalf of all
those similarly situated,
       Plaintiffs,

v.                                                                                        No. 8:22-CV-02421-CEH-SPF

STARBUCKS CORPORATION, a
Washington Corporation,

       Defendant.

## REQUEST FOR HEARING ON DEFENDANT'S MOTION TO DISMISS THE FIRST AMENDED COMPLAINT

Pursuant to Local Rule 3.01(h), Defendant Starbucks Corporation ("Starbucks") respectfully requests a hearing on the accompanying Motion to Dismiss Plaintiffs' First Amended Complaint ("FAC"). Starbucks believes that thirty (30) minutes of argument to be divided between the parties would aid the Court in its consideration of the issues presented.

Starbucks submits that the Motion to Dismiss raises significant, and important, threshold issues with respect to the substantive and procedural viability of the causes of action asserted in the FAC. These include: (1) whether Plaintiffs' central theory of liability under Title III of the ADA is foreclosed under applicable case law, as well as DOJ regulations and official commentary; (2) whether Mr. Negreanu's disability discrimination claim under Florida law is

1

subject to dismissal for failure to comply with the Florida Civil Rights Act's administrative filing requirement and required exhaustion of remedies; (3) whether this Court may exercise personal jurisdiction over the claims of Chaix where it is undisputed that those claims arise entirely out of Chaix's store visits and purchases in California, and have no connection to Starbucks contacts with the State of Florida; (4) whether the universally applicable and facially neutral pricing practices of Starbucks may give rise to a viable claim of intentional discrimination under California's Unruh Act; and, (5) whether appellate case law in Florida and California precludes Plaintiffs' equitable restitutionary recovery on a theory of unjust enrichment where, as here, there is no dispute that they received the expected benefit of their bargain—the drinks they ordered—in exchange for the prices they paid.

    The Court's resolution of these issues would be of great assistance to the parties and would promote the interests of efficiency and judicial economy. The Court's decision on the instant motion may dispose of, or substantially narrow, the claims and issues before it and limit the scope of discovery.

    For the foregoing reasons, Starbucks respectfully requests that this Court schedule a hearing, thirty (30) minutes in length, on its accompanying Motion to Dismiss.

98491974v.2

Dated: September 21, 2023

/s/ Minh N. Vu

Minh N. Vu (*Pro hac vice*)
SEYFARTH SHAW LLP
975 F St NW
Washington, DC 20004
Tel.: (202) 828-5337
mvu@seyfarth.com

Michael E. Steinberg (*Pro hac vice*)
SEYFARTH SHAW LLP
Two Seaport Lane, Suite 1200
Boston, MA 02210
Tel.: (617) 946-8316
msteinberg@seyfarth.com

Kevin Young
FL Bar No.: 114151
SEYFARTH SHAW LLP
1075 Peachtree Street, NE
Atlanta, GA 30309
Tel.: (404) 885-1500
kyoung@seyfarth.com

98491974v.2

## Certificate of Service

I hereby certify that this document filed through the CM/ECF system will be sent electronically to the registered participants as identified on the NEF and paper copies will be sent to any persons indicated as non-registered participants on September 21, 2023.

/s/ Minh N. Vu
Minh N. Vu

Dated: September 21, 2023