**United States District Court**
**Middle District of Florida**
**Tampa Division**

DONNIE NEGREANU, individually
and on behalf of all those similarly
situated,

    Plaintiff,

v.                                                             No. 8:22-cv-02421-CEH-SPF

STARBUCKS CORPORATION, a
Washington Corporation,

    Defendant.

## DEFENDANT'S PARTIALLY UNOPPOSED MOTION FOR LEAVE TO FILE REPLY BRIEF

Pursuant to Local Rule 3.01(d), Defendant Starbucks Corporation ("Starbucks") respectfully moves for leave to file a reply brief in further support of its Motion to Dismiss the First Amended Complaint ("FAC"), *see* ECF No. 54, not to exceed five (5) pages in length and to be filed within seven (7) days of the Court's grant of this motion. Starbucks submits that reply briefing will aid the Court in its resolution of the underlying motion.

In particular, Starbucks seeks to address the following issues: (1) Plaintiffs' erroneous suggestion, raised for the first time in their Opposition, that this Court may exercise supplemental personal jurisdiction over Plaintiff Chaix's claims; (2) the Opposition's extensive discussion of pages from Starbucks website that appear nowhere in the Complaint—and the propriety of invoking such extrinsic

1

305789026v.2

materials on a Motion to Dismiss; and (3) the Opposition's repeated misrepresentations that Starbucks "singles out" and "targets" customers with lactose intolerance to pay an additional cost for beverages that non-disabled patrons do not incur.  *E.g.*, Pl.'s Opp., ECF No. 58 at 2, 15.

On October 30, 2023, the parties conferred regarding the relief requested in this motion.  After conferral, Plaintiffs' counsel indicated that they do not oppose the filing of a reply brief of five pages in length, but insisted that the reply be restricted to the first two issues set forth in the previous paragraph.  They also reserved the right to file a sur-reply.  As set forth below, Starbucks believes that a reply addressing all three issues will aid the Court in its evaluation of the underlying motion.

## ARGUMENT

Local Rule 3.01(d) requires leave of court to file a reply brief directed to a response to a civil motion (except a motion for summary judgment).  "The purpose of a reply brief is to rebut any new law or facts contained in the opposition's response to a request for relief before the Court."  *Weiss v. AT&T Inc.*, No. 6:23-CV-120-WWB-EJK, 2023 WL 3092631, at *1 (M.D. Fla. Apr. 26, 2023).  "The Court will grant leave to file a reply brief where the reply will benefit the Court's resolution of the pending motion."  *Id.* (internal quotation marks and citation omitted).

As discussed *supra*, the Opposition raises new legal contentions that require reply. It also makes new factual assertions, and does so by improperly introducing extrinsic evidence. Finally, the Opposition repeatedly suggests (at odds with allegations in the FAC itself) that Starbucks "singles out" customers with lactose intolerance to incur the Upcharge for Non-Dairy Milks—an astounding and demonstrably false assertion that merits further response. Briefing on these important issues will aid the Court in its adjudication of the Motion to Dismiss the FAC.

For the foregoing reasons, Starbucks respectfully requests that this Court allow the instant motion, and grant it leave to file a reply brief, not to exceed five (5) pages, to be filed within seven (7) days of any order granting this motion.

## Certificate of Service

I hereby certify that this document filed through the CM/ECF system will be sent electronically to the registered participants as identified on the NEF and paper copies will be sent to any persons indicated as non-registered participants on November 1, 2023.

/s/ Minh N. Vu
Minh N. Vu

## Local Rule 3.01(g) Certification

I hereby certify that, on October 30, 2023, I conferred with counsel for Plaintiffs by videoconference regarding the issues raised in the instant motion.

3

305789026v.2

Plaintiffs' counsel indicated that they would not oppose the filing of a reply brief of five (5) pages concerning the Opposition's personal jurisdiction argument or its reliance on website pages extrinsic to the First Amended Complaint, but do oppose the filing of a reply to the extent it addresses the Opposition's assertions that the Upcharge is only incurred by persons with lactose intolerance.

/s/ Minh N. Vu
Minh N. Vu

Dated: November 1, 2023              Respectfully submitted,

Minh N. Vu (*Pro hac vice*)
SEYFARTH SHAW LLP
975 F St NW
Washington, DC 20004
Tel.: (202) 828-5337
mvu@seyfarth.com

Michael E. Steinberg (*Pro hac vice*)
SEYFARTH SHAW LLP
Two Seaport Lane, Suite 1200
Boston, MA 02210
Tel.: (617) 946-8316
msteinberg@seyfarth.com

Kevin Young
FL Bar No.: 114151
SEYFARTH SHAW LLP
1075 Peachtree Street, NE
Atlanta, GA 30309
Tel.: (404) 885-1500
kyoung@seyfarth.com

4

305789026v.2