United States District Court
Middle District of Florida
Tampa Division

DONNIE NEGREANU, individually
and on behalf of all those similarly
situated,

        Plaintiff,

v.                                                                    No. 8:22-cv-02421-CEH-SPF

STARBUCKS CORPORATION, a
Washington Corporation,

        Defendant.

## DEFENDANT'S REPLY BRIEF IN SUPPORT OF ITS MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12(b)(2) and (6)

Minh N. Vu (*Pro hac vice*)
SEYFARTH SHAW LLP
975 F St NW
Washington, DC 20004
Tel.: (202) 828-5337
mvu@seyfarth.com

Michael E. Steinberg (*Pro hac vice*)
SEYFARTH SHAW LLP
Two Seaport Lane, Suite 1200
Boston, MA 02210
Tel.: (617) 946-8316
msteinberg@seyfarth.com

Kevin Young
FL Bar No.: 114151
SEYFARTH SHAW LLP
1075 Peachtree Street, NE
Atlanta, GA 30309
Tel.: (404) 885-1500
kyoung@seyfarth.com

305990780v.1

I. **The Opposition Contains Highly Misleading Statements About The Extra Charge for Beverages Made With Non-Dairy Milks.**

The FAC alleges, accurately, that Starbucks has a "policy of charging *all customers* a surcharge for Non-Dairy Alternatives." See FAC, ¶¶ 32, 102. Perhaps realizing that this fact is highly problematic for their claims, Plaintiffs in their Opposition to the Motion to Dismiss (the "Opposition" or "Opp.") make the stunning and false assertion that Starbucks "charge[s] a different, or higher, price to those persons with lactose intolerance than the price charged to those persons without the need [] for non-dairy alternatives." Opp. (ECF No. 58) at 15. Other similar statements include: 1) "Starbucks *singles out Plaintiffs, and many others with the same disability, and asks them to pay a surcharge for non-dairy alternatives* when it does not impose a surcharge on other modifications and alternatives." *Id.* at 2 (emphasis added); (2) "Defendant's conduct of imposing a surcharge … evidences an obvious attempt to profit from a vulnerable class of consumers *precisely because of their medical condition*." *Id.* at 3-4 (emphasis added); and (3) "Defendant's surcharge for non-dairy alternatives *targets disabled persons such as Plaintiffs*." *Id.* at 15 ( (emphasis added).

The Court should disregard these statements because "[s]tatements by counsel in briefs are not evidence," *Skyline Corp. v. N.L.R.B.*, 613 F.2d 1328, 1337 (5th Cir. 1980), and these statements are contrary to the FAC's allegations as well as reality. *See Payne v. Ryder Sys., Inc. Long Term Disability Plan*, 173 F.R.D. 537,

1

540 (M.D. Fla. 1997) ("a plaintiff cannot amend a complaint through statements in a brief").

Why are Plaintiffs trying so mightily to obscure the obvious, and admitted, fact that *all* Starbucks customers pay the same price to have Non-Dairy Milks used in their craft beverages? For one, this inconvenient reality dooms Plaintiff Chaix's intentional discrimination claim under California's Unruh Act. *See* ECF No. 54 at 28-30. Second, and of critical importance, this fact sets this case apart from *Phillips v. P.F. Chang's China Bistro, Inc.*, No. 5:15-cv-00344, 2015 WL 7429497 (N.D. Cal. Nov. 23, 2015), cited by Plaintiffs. The court in *Phillips* allowed the case to move past a motion to dismiss because that complaint alleged that the defendant had "created an entirely separate—and higher priced—gluten-free menu targeted to persons with celiac disease" and directed customers with celiac disease to that menu. *Phillips*, 2015 WL 7429497, at *4. In contrast, the FAC alleges that all customers who want a Non-Dairy Milk in their beverage must pay the additional charge. *See* FAC, ¶¶ 32, 102.[1]

---

[1] Indeed, at least one court has since distinguished *Phillips* on this very basis. *See Smith v. Pride Mobility Prod. Corp.*, No. 16-CV-04411-LHK, 2017 WL 567482, at *4 (N.D. Cal. Feb. 12, 2017), *aff'd in relevant part*, 700 F. App'x 583 (9th Cir. 2017) (dismissing intentional discrimination claim under Unruh because there was "no allegations to suggest that Defendant offered anything 'separate' or different to disabled individuals than Defendant offered to non-disabled individuals, [or] that Defendant charged disabled individuals a different price for Defendant's products and services … .").

2

**II.     The Opposition Impermissibly Relies on Extrinsic Evidence Which the Court Should Disregard.**

The Opposition contains nearly two pages of discussion about alleged historical content on pages of the Starbucks website.  *See* ECF No. 58 at 12-13.  These pages are not attached to the Opposition, nor are they referenced or cited in the FAC.[2]  Accordingly, these materials are not appropriate for consideration on a motion to dismiss.  *See Boyd v. Peet,* 249 F. App'x 155, 157 (11th Cir. 2007) ("at the motion to dismiss stage, the scope of a court's review must be limited to the four corners of the complaint") (citing *St. George v. Pinellas Cnty.*, 285 F.3d 1334, 1337 (11th Cir. 2002)).  Furthermore, the Opposition fails to explain how these pages – which describe how *all* customers can customize their beverages -- are in any way relevant to this Motion.

**III.    Plaintiff Chaix Does Not Meaningfully Dispute That The Court Does Not Have Personal Jurisdiction Over Her Claims.**

In the Motion, Starbucks explained that the Court lacks both general and specific *personal jurisdiction* over the claims asserted by Chaix.  *See* ECF No. 54 at 16-22.  There is no general personal jurisdiction because Starbucks is not incorporated in Florida and its corporate headquarters are not in Florida.  There is no specific personal jurisdiction because Chaix is a California resident

---

[2] The referenced web pages are not judicially noticeable.  "In general, non-governmental websites are not proper subjects of judicial notice."  *Nassar v. Nassar*, No. 3:14-CV-1501-J-34MCR, 2017 WL 26859, at *5 (M.D. Fla. Jan. 3, 2017), *aff'd*, 708 F. App'x 615 (11th Cir. 2017).

3

asserting California law claims about purchases made in California.  *See Knepfle v. J-Tech Corp.*, 48 F.4th 1282, 1292 (11th Cir. 2022) ("Specific jurisdiction … requires a connection or connexity between the enumerated activity in Florida and the cause of action.") (internal quotation marks and citation omitted).  Chaix does not dispute that her claims have nothing to do with Florida.

Instead, Chaix argues that this Court may exercise "supplemental jurisdiction" over her claims because it has "original jurisdiction" over the case, citing *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546 (2005).  ECF No. 58 at 6.  This argument ignores that subject matter jurisdiction -- the only subject of the *Exxon* decision [3] --  is a separate requirement from personal jurisdiction.  Both must be met in all federal cases, but the issue on this Motion is strictly personal jurisdiction.  *Nu Image, Inc. v. Doe*, No. 2:12-cv-109-FtM-29DNF, 2012 U.S. Dist. LEXIS 104097, at *10 (M.D. Fla. June 29, 2012) ("Jurisdiction to resolve cases on the merits requires both authority over the category of claim in suit (subject-matter jurisdiction) and authority over the parties (personal jurisdiction)….")

On the pertinent issue of personal jurisdiction, Chaix has not cited to a single case in which a court has exercised personal jurisdiction over an out-of-

---

[3] The issue in *Exxon* was "whether a federal court in a diversity action may exercise supplemental jurisdiction over additional plaintiffs whose claims do not satisfy the minimum amount-in-controversy requirement, provided the claims are part of the same case or controversy as the claims of plaintiffs who do allege a sufficient amount in controversy."  *See Exxon*, 545 U.S. at 549.

4

305990780v.1

state defendant for claims asserted by an out-of-state plaintiff that did not arise from any conduct in the forum state.  Starbucks, on the other hand, has cited to multiple decisions where Florida federal courts have concluded that they could not exercise personal jurisdiction under these circumstances.  *See Lewis v. Mercedes-Benz USA, LLC*, 530 F. Supp. 3d 1183, 1226 & n.13 (S.D. Fla. 2021); *Feldman v. BRP US, Inc.*, No. 17-CIV-61150, 2018 WL 8300534, at *4-*5 (S.D. Fla. Mar. 28, 2018).

Chaix's reliance on *Marquette v. Homeadvisor* is misplaced.  The court in *Marquette* refused to strike the claims of *absent class members* for lack of personal jurisdiction.  *Marquette v. HomeAdvisor, Inc.*, No. 6:20-cv-1490, 2021 WL 2942742, at *4 (M.D. Fla. Jan. 15, 2021).  Chaix is not an absent class member – she is a named plaintiff.   As for Chaix's suggestion that personal jurisdiction requirements do not apply in class actions, this Court explicitly rejected this theory in *Story v. Heartland Payment Sys., LLC*, 461 F. Supp. 3d 1216, 1231 (M.D. Fla. 2020), stating:  "Even in a class action, there is no reason why personal jurisdiction should be treated any differently…:  the named representatives must be able to demonstrate either general or specific personal jurisdiction ...."  *Id.*

## IV.   Conclusion

For the foregoing reasons, and those stated in the Motion, the Court should dismiss the FAC with prejudice.

Dated: November 9, 2023

/s/ Minh N. Vu

Minh N. Vu (*Pro hac vice*)
SEYFARTH SHAW LLP
975 F St NW
Washington, DC 20004
Tel.: (202) 828-5337
mvu@seyfarth.com

Michael E. Steinberg (*Pro hac vice*)
SEYFARTH SHAW LLP
Two Seaport Lane, Suite 1200
Boston, MA 02210
Tel.: (617) 946-8316
msteinberg@seyfarth.com

Kevin Young
FL Bar No.: 114151
SEYFARTH SHAW LLP
1075 Peachtree Street, NE
Atlanta, GA 30309
Tel.: (404) 885-1500
kyoung@seyfarth.com

## Certificate of Service

I hereby certify that this document filed through the CM/ECF system will be sent electronically to the registered participants as identified on the NEF and paper copies will be sent to any persons indicated as non-registered participants on November 9, 2023.

*/s/ Minh N. Vu*
Minh N. Vu
