UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

DONNIE NEGREANU, individually
and on behalf of all those similarly          Case No.: 8:22-cv-02421-CEH-SPF
situated,

                            Plaintiff,

v.

STARBUCKS CORPORATION, a
Washington Corporation,

                            Defendant.
_____

**PLAINTIFFS' SUR-REPLY IN OPPOSITION TO MOTION TO DISMISS**

Bogdan, Enica, Esq.
FL Bar No.: 101934
66 West Flagler St., Ste. 937
Miami, FL 33130
Telephone: (888) 252-7780
Email: Bogdan@keithgibsonlaw.com

Keith L. Gibson, Esq. (*Pro Hac Vice*)
490 Pennsylvania Avenue, Suite 1
Glen Ellyn IL 60137
Telephone: (630) 677-6745
Email: Keith@keithgibsonlaw.com

Rachel L. Soffin, Esq.
Milberg Coleman Bryson Phillips
Grossman PLLC
FL Bar No. 18054
3833 Central Ave.
St. Petersburg, FL 33713
Telephone: (865) 247-0080
rsoffin@milberg.com

*Counsel for Plaintiff and the Putative Class*

**At this stage, Facts in the Complaint should be taken as true**

This case is not about soy, coconut, almond, or a defective wheelchair. This case is about Starbucks, the largest coffee chain in the world, the drinks it prepares and sells in its US stores, and the way it discriminates against persons with disabilities ordering its drinks.

Defendant's Reply in Support of the Motion to Dismiss ("Reply") [ECF #61] alleges *facts* that contradict the First Amended Complaint [ECF #41].

As an initial matter, Defendant's efforts to distinguish *Phillips v. P.F. Chang's China Bistro, Inc.*, No. 5:15-CV-00344-RMW, 2015 WL 7429497, at *1 (N.D. Cal. Nov. 23, 2015) are without merit. The facts in *Phillips* are starkly similar, if not functionally identical, to the facts at hand.

In *Phillips*, **all customers** willing to order from the gluten free menu had to pay an additional charge, regardless of the reason why they were ordering from that menu. That does not mean that the restaurant's menu was not targeted towards people with celiac disease or, in our case, towards people with lactose intolerance. Both P.F. Chang's and Starbucks have a separate, higher-priced menu, which is available to every customer but is specifically targeted towards people with digestion-related disabilities.

Stating that "all Starbucks customers pay the same price" is a misleading statement as those customers that will order from the *non-lactose menu* pay a surcharge. To the extent the Reply contradicts the allegations in the Complaint, Defendant's equivocalness and misrepresentation of the facts should be ignored. Plaintiffs clearly alleged that Starbucks imposes a surcharge on all non-dairy

1

milks, and this surcharge is paid by all disabled customers. Plaintiffs also allege that Starbucks differentiates between different types of disabilities and imposes the surcharge only on customers that are lactose intolerant or allergic to milk.

### There is no "extrinsic evidence" in the Opposition

The purpose of a motion to dismiss under Rule 12(b)(6) "is to test the formal sufficiency of the statement of the claim for relief; the motion is not a procedure for resolving a contest between the parties about the facts or the substantive merit of the plaintiff's case." *Ventrassist Pty Ltd. v. Heartware, Inc.*, 377 F. Supp. 2d 1278, 1285 (S.D. Fla. 2005) citing 5B Wright & Miller, *Federal Practice & Procedure: Civil 3d* § 1356 (3d ed.2004).

The information obtained from Starbucks' website and cited in the Plaintiff's Opposition to the Motion to Dismiss ("Opposition") [ECF #58] was contemplated in the Complaint and used to present the Court a clear picture of the facts alleged in the Complaint. This was especially necessary given the factual distortions presented by Starbucks in its Motion to Dismiss [ECF #54]. Defendant's claims that cappuccinos, for example, made with a different kind of milk, coffee beans, or sweeteners are different and separate products, is in stark contrast with the reality in the stores, on the Starbucks App, and online. Milk is just one of the ingredients in the products sold by Starbucks and different types of milk, coffee beans, and sweeteners are just "customizations" offered by the coffee chain.

Nevertheless, "a party opposing a Rule 12(b)(6) motion may submit materials outside the pleadings to illustrate the facts the party expects to be able to prove. *Geinosky v. City of Chicago*, 675 F.3d 743, 745 (7th Cir. 2012) citing *Thomas*

*v. Guardsmark, Inc.*, 381 F.3d 701, 704 (7th Cir.2004). "Plaintiff is free, in defending against motion to dismiss, to allege without evidentiary support any facts he pleases that are consistent with complaint." *Early v. Bankers Life & Cas. Co.*, 959 F.2d 75 (7th Cir. 1992). On motion to dismiss for failure to state claim, the question before the trial court is not whether plaintiff will ultimately prevail, but whether his complaint is sufficient to cross federal court's threshold. *Skinner v. Switzer*, 562 U.S. 521, 131 S. Ct. 1289, 179 L. Ed. 2d 233 (2011).

Defendant's reliance on *Smith v. Pride Mobility Prod. Corp.*, No. 16-CV-04411-LHK, 2017 WL 567482, at *4 (N.D. Cal. Feb. 12, 2017), *aff'd in part, rev'd in part,* 700 F. App'x 583 (9th Cir. 2017) is also misplaced. In that case, Plaintiff purchased a wheelchair and found it to be "unsatisfactory or defective." He did not , like here, pay a surcharge to enjoy a product that otherwise is available to non-disabled people at a lower price[1].

To the extent facts included in the Opposition are useful to the Court in completing its assessment of the merits of Plaintiffs' claims, but otherwise beyond the scope of the facts alleged in the Complaint, the Plaintiffs should be given leave to amend their Complaint.

## **CONCLUSION**

Based on the foregoing, Plaintiffs respectfully requests the Court to deny Defendant's Motion to Dismiss and grant any such other relief deemed proper.

---

[1] In that case Smith was allowed to pursue her manufacturing defect product liability claims and design defect product liability claims. *Smith v. Pride Mobility Prod. Corp.*, 700 F. App'x 583, 584 (9th Cir. 2017).

Dated: November 27, 2023            Respectfully Submitted,

/s/ Bogdan Enica
Bogdan, Enica, Esq.
FL Bar No.: 101934
66 West Flagler St., Ste. 937
Miami, FL 33130
Telephone: (888) 252-7780
Email: Bogdan@keithgibsonlaw.com

Keith L. Gibson, Esq. (*Pro Hac Vice*)
490 Pennsylvania Avenue, Suite 1
Glen Ellyn IL 60137
Telephone: (630) 677-6745
Email: Keith@keithgibsonlaw.com

Rachel L. Soffin, Esq.
Milberg Coleman Bryson Phillips
Grossman PLLC
FL Bar No. 18054
3833 Central Ave.
St. Petersburg, FL 33713
Telephone: (865) 247-0080
rsoffin@milberg.com

*Counsel for Plaintiff and the Putative Class*

4

## **CERTIFICATE OF SERVICE**

I hereby certify that on November 27, 2023, the foregoing was electronically filed with the Clerk of Court using the CM/ECF system, which will send notification to all counsel and parties of record in this case.

/s/Bogdan Enica
**Bogdan Enica, Esq.**
