# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

DONNIE NEGREANU and ELAINE CHAIX,

    Plaintiffs,

v.

STARBUCKS CORPORATION,

    Defendant.

Case No: 8:22-cv-2421-CEH-SPF

## **ORDER**

This cause comes before the Court on the Parties' Joint Motion for an Order Permitting Defendant to Proceed with Discovery as to Plaintiff Chaix and for a 45-Day Extension of Expert Discovery Deadlines (Doc. 66).

This suit is a putative class action, brought under Title III of the Americans with Disabilities Act ("ADA"), as well as the Florida Civil Rights Act, alleging that Starbucks discriminates against individuals with lactose intolerance by imposing a surcharge for alternative milk products. *See* Docs. 1, 41. Plaintiffs are lactose-intolerant individuals who argue that Defendant's excessively high surcharge harms individuals such as themselves in violation of the ADA, the Florida Civil Rights Act, the California Unruh Act, and that this practice constitutes common-law unjust enrichment. Doc. 41 ¶¶ 2, 15. As detailed in this order, the Court will grant-in-part and deny-in-part the Joint Motion.

## DISCUSSION

The Parties jointly move for two forms of relief. First, they ask for a 45-day extension of the expert disclosure deadlines in the Amended Case Management and Scheduling Order (Doc. 53) and for an additional three weeks following rebuttal expert disclosures to conduct expert depositions. Doc. 66 at 4–5. They argue that such an extension will allow the parties to benefit from any decision the Court may issue concerning the jurisdictional and merits questions in the pending Motion to Dismiss before the passage of the expert disclosure deadline. *Id.*

Secondly, in view of what the Parties describe as a "rather nebulous" waiver framework set forth in the caselaw, they jointly request "that the Court issue an order permitting Defendant to serve discovery requests" on Plaintiff Chaix without waiving or otherwise prejudicing its arguments challenging the Court's personal jurisdiction over Chaix's claims. *Id.* at 1–2.

As background, this suit was initially brought by a sole named Plaintiff, Donnie Negreanu, a resident of Florida who frequented Starbucks locations throughout Florida. Doc. 1 ¶¶ 19–20. However, on July 14, 2023, Plaintiff amended the complaint to add a second named Plaintiff, Elaine Chaix. *See* Doc. 41. Chaix is a California resident who suffers from lactose intolerance and frequented Starbucks locations in California. *Id.* ¶¶ 21–22.

Starbucks moved to dismiss the First Amended Complaint on jurisdictional grounds and on the merits. *See* Doc. 54. Specifically as to Plaintiff Chaix, Starbucks argues that: (1) it is not subject to general jurisdiction in Florida; and (2) that the Court

lacks specific jurisdiction over it as to Chaix's claims, which do not arise out of any Starbucks' contacts with Florida. *Id.* at 7–10. Because Chaix's claims have no connection to Starbucks' activities in Florida, Starbucks argues that Chaix cannot establish specific jurisdiction under Florida's long-arm statute and therefore cannot serve as a non-resident putative class representative. *Id.* at 10–12.

Plaintiffs' response to the Motion to Dismiss completely fails to address the specific jurisdiction argument as to Chaix. *See* Doc. 58. Defendant highlights this in its reply, noting in a section that Chaix "Does Not Meaningfully Dispute That The Court Does Not Have Personal Jurisdiction Over Her Claims." Doc. 61 at 5–7. Notwithstanding, Plaintiffs' Sur-Reply is again silent on this issue. *See* Doc. 65.

First, the Parties' request for extensions of their expert deadlines is **GRANTED**. Doc. 66 ¶¶ 9–10. Courts have broad discretion in managing their own dockets, including discovery deadlines. *Clinton v. Jones*, 520 U.S. 681, 706 (1997). Thus, the request is granted as follows: the Parties' expert report disclosure deadline is now March 18, 2024, the rebuttal report deadline is April 22, 2024, and their expert discovery deadline is extended to May 13, 2024, as requested in the Motion. Doc. 66 ¶ 10.

As to the second request, the Court will decline to issue an order permitting Starbucks to serve discovery requests on Plaintiff Chaix without waiving or otherwise prejudicing its arguments challenging this Court's personal jurisdiction. Defendant does not provide authority supporting a Court's issuance of such an order, and the Court is not inclined to do so. Therefore, this portion of the joint motion is **DENIED**.

3

However, in reviewing the Motion to Dismiss and related pleadings, the Court notes that Plaintiffs altogether fail to respond to Defendant's arguments for dismissal of Chaix's claims based on personal jurisdiction, even after Defendant's reply underscored that this argument had gone unrebutted.

Generally, the failure to respond to the merits of a request for dismissal of a Plaintiff's claims would serve as a concession that the request is due to be granted. *See Guzman v. City of Hialeah,* No. 15-23985-CIV-GAYLES, 2016 WL 3763055, at *3 (S.D. Fla. July 14, 2016) ("A plaintiff who, in her responsive brief, fails to address her obligation to object to a point raised by the defendant implicitly concedes that point."); *see also Chapman v. Abbott Labs.,* 930 F. Supp. 2d 1321, 1325 (M.D. Fla. Mar. 14, 2013); *Covington v. Arizona Beverage Co., LLC,* No. 08-21894-CIV-SEITZ/O'SULLIVAN, 2009 WL 10668916, at *6 (S.D. Fla. Sept. 11, 2009) ("Plaintiff has tacitly conceded the merits of Defendants' argument by not responding to it.").

Therefore, Plaintiffs are **ORDERED** to show cause by a written response within **SEVEN (7) DAYS** from the date of this order as to why the claims against Plaintiff Chaix should not be dismissed, since Plaintiffs failed to respond to the personal-jurisdiction arguments raised in Defendant's Motion to Dismiss (Doc. 54). Failure to respond to this order may result in the dismissal of Plaintiff Chaix's claims, without further notice.

**DONE** and **ORDERED** in Tampa, Florida on February 27, 2024.

*Charlene Edwards Honeywell*
Charlene Edwards Honeywell
United States District Judge

Copies furnished to:

Counsel of Record
Unrepresented Parties