UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

DONNIE NEGREANU and ELAINE CHAIX, individually and on behalf of all those similarly situated,

Plaintiffs,

v.

Case No.: 8:22-cv-02421-CEH-SPF

STARBUCKS CORPORATION, a Washington Corporation,

Defendant.

_____

**PLAINTIFFS' SUPPLEMENTAL BRIEFING REGARDING COURT'S JURISDICTION**

Defendant Elaine Chaix, by and through her undersigned attorneys, in response to this Court's Order from February 27, 2024 (ECF #67) hereby submits this supplemental briefing regarding this Court's jurisdiction and in support states as follows:

This case was initially filed by Plaintiff Donnie Negreanu as a national class action against Starbucks Corporation. Plaintiff Negreanu sought to represent a class of consumers with disabilities who purchased drinks containing milk alternatives from Starbucks and were charged a surcharge because of their disability. There were no jurisdictional issues raised by Starbucks as it pertains to Negreanu and his claims.

In July 2023, Elaine Chaix, a California resident joined the lawsuit as a named Plaintiff. Starbucks moved to dismiss her claims based on lack of specific jurisdiction.

Defendant argues that Starbucks activity in Florida have no connection with Plaintiff's Chaix claims. For the reason stated below, we disagree.

First, Plaintiff Chaix is a class member and can serve as a class representative of the ADA national class.

In the initial Complaint and the First Amended Complaint, Plaintiffs sought to certify a class with the following definition:

> *National Class: All persons who (1) suffer from lactose intolerance, or an intolerance to milk or milk-based products; and (2) who purchased drinks or other items from Starbucks within four years prior to the filing of the Complaint and continuing to the present.*

(Complaint, ECF#1, ¶38, First Amended Complaint, ECF #41, ¶41)

By its actions, Starbucks violates the American with Disabilities Act, both in Florida and nationally, therefore its actions in Florida allow for specific jurisdiction in Florida over the claims of all class members.

Starbucks argue that this Court does not have personal jurisdiction over the parties and that "original jurisdiction" over the case is not sufficient to have authority over the parties. However, this Court has personal jurisdiction over Starbucks to adjudicate the ADA claim and has jurisdiction over Chaix as she purportedly availed herself of the jurisdiction of the Court.

While Starbucks contends that the Supreme Court's ruling in *Bristol-Myers Squibb Co. v. Superior Court of California, San Francisco Cnty.*, 582 U.S. 255 (2017), requires that the Court dismisses all claims advanced by the non-Florida plaintiffs for lack of specific jurisdiction, Plaintiffs disagree.

In fact, the Supreme Court refused to apply the limited specific jurisdiction principles to federal litigation: "[S]ince this decision concerns the due process limits on the exercise of specific jurisdiction by a State, the question remains open whether the Fifth Amendment imposes the same restrictions on the exercise of personal jurisdiction by a federal court." *Bristol-Myers Squibb Co. v. Superior Court of California, San Francisco Cnty.,* 582 U.S. 255, 257 (2017).

The view taken by most of the courts in the Eleventh Circuit is that the jurisdictional limitations do not apply in case of a class action filed in federal court. For example, *In re Takata Airbag Products Liab. Litig.,* 396 F. Supp. 3d 1101, 1134 (S.D. Fla. 2019) the court agreed with "[p]laintiffs, and [wa]s "persuaded by the growing body of law amongst district courts in this Circuit holding that *Bristol-Myers* does not bar claims of non-resident members of a putative class from asserting claims in federal court ...."" citing *Lee v. Branch Banking & Tr. Co.*, 2018 WL 5633995, at *6 (S.D. Fla. Oct. 31, 2018) (denying motion to dismiss claims by nonresident putative class members under *Bristol-Myers*); *Becker v. HBN Media, Inc.*, 314 F. Supp. 3d 1342, 1345 (S.D. Fla. 2018) (same); *Feldman v. BRP US, Inc.*, 2018 WL 8300534, at *5–6 (S.D. Fla. Mar. 28, 2018) (same); *Goodman v. Sun Tan City, LLC*, 2018 WL 6978695, at *4–5 (S.D. Fla. Dec. 14, 2018) (recommending same), *report and recommendation adopted*, 2019 WL 1112258 (S.D. Fla. Jan. 8, 2019).

"The class action is an exception to the usual rule that litigation is 'conducted by and on behalf of the individual named parties only.'" *Goodman v. Sun Tan City,*

*LLC.*, 18-81281-CIV, 2018 WL 6978695, at *5 (S.D. Fla. Dec. 14, 2018), *report and recommendation adopted,* 9:18-CV-81281, 2019 WL 1112258 (S.D. Fla. Jan. 8, 2019) citing *Wal-Mart Stores, Inc. v. Dukes,* 564 U.S. 338, 348 (2011).

In fact, in *Bristol-Myers* the Supreme Court discussed two related concepts that underlie the limitations on personal jurisdiction. One such concept was the burden imposed on the defendant in being hauled into court to answer for a claim that has no relation to the adjudicating forum. 137 S. Ct. at 1780.

This is not the case here. Starbucks practice of charging the disabled people for their disability is a conduct that is encountered nationwide. The conduct is the same in Florida and California, there is no additional burden imposed on Starbucks from defending in Florida a lawsuit that has been already filed here.

For the second concept, the Supreme Court analyzed "the more abstract matter of submitting to the coercive power of a State that may have little legitimate interest in the claims in question ... [R]estrictions on personal jurisdiction 'are more than a guarantee of immunity from inconvenient or distant litigation. They are a consequence of territorial limitations on the power of the respective States.' 137 S. Ct. at 1780." *Goodman v. Sun Tan City, LLC.,* 18-81281-CIV, 2018 WL 6978695, at *3 (S.D. Fla. Dec. 14, 2018), *report and recommendation adopted,* 9:18-CV-81281, 2019 WL 1112258 (S.D. Fla. Jan. 8, 2019).

This is again not applicable in our case. This action was filed in federal court and Starbucks has to defend this lawsuit in Florida regardless of claimes raised by Defendant Chaix.

For the reasons stated above, Plaintiff Chaix submits that this Court has personal jurisdiction over Starbucks in adjudicating the claims in the First Amended Complaint.

Dated: March 5, 2024                            Respectfully Submitted,


                                               s/Keith L. Gibson
**Keith L. Gibson, Esq.**
**(Admitted *Pro Hac Vice*)**
490 Pennsylvania Avenue, Suite 1
Glen Ellyn IL 60137
Telephone: (630) 677-6745
Email: keith@keithgibsonlaw.com

Bogdan, Enica, Esq.
FL Bar No.: 101934
66 West Flagler St., Ste. 937
Miami, FL 33130
Telephone: (305) 306-4989
Email: bogdan@keithgibsonlaw.com

Rachel L. Soffin, Esq.
Milberg Coleman Bryson Phillips Grossman PLLC
FL Bar No. 18054
3833 Central Ave.
St. Petersburg, FL 33713
Telephone: (865) 247-0080
rsoffin@milberg.com

*Counsel for Plaintiffs and the Putative Class*

- 6 -

## **CERTIFICATE OF SERVICE**

I hereby certify that on March 5, 2024, the foregoing was electronically filed with the Clerk of Court using the CM/ECF system, which will send notification to all counsel and parties of record in this case.

March 5, 2024

/s/Bogdan Enica
**Bogdan Enica, Esq.**
